Geoffrey S. Sheldon, Bar No. 185560
gsheldon@lcwlegal.com
Sarah R. Lustig, Bar No. 255737
slustig@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:   310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendants CITY OF HERMOSA BEACH,
HERMOSA BEACH POLICE DEPARTMENT, TOM
BAKALY and SHARON PAPA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN

| | |
|---|---|
| DONOVAN SELLAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF HERMOSA BEACH, a Municipal Corporation; HERMOSA BEACH POLICE DEPARTMENT, a public safety department; TOM BAKALY, City Manager, in his official capacity; SHARON PAPA, Chief of Police, in her official capacity; and DOES I-X, inclusive,<br><br>                    Defendants. | Case No.:  2:16-cv-07706-FMO-AS<br><br>Complaint Filed: September 14, 2016<br>FAC Filed: November 29, 2016<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SARAH R. LUSTIG**<br><br>**[FILED CONCURRENTLY WITH DECLARATION OF EVERETT FAULK]**<br><br>Date:     October 5, 2017<br>Time:    10:00 a.m.<br>Dept:    6D<br><br>Trial Date:               February 13, 2018<br>Final Pretrial Conf.:  January 26, 2018<br>Discovery Cut-Off:   May 19, 2017 |

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

8265612.3 HE050-074

PLEASE TAKE NOTICE that at 10:00 a.m. on October 5, 2017, in Department 6D of the above-entitled court, located at 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Defendants CITY OF HERMOSA BEACH ("City"), HERMOSA BEACH POLICE DEPARTMENT ("HBPD") and SHARON PAPA ("Papa") (collectively "Defendants") will and hereby do move for an order disqualifying Plaintiff DONOVAN SELLAN's ("Plaintiff") counsel, Corey W. Glave ("Attorney Glave"), from further representing the interests of the Plaintiff in this matter, on the grounds that Attorney Glave has an impermissible conflict of interest between his current client (i.e., Plaintiff) and a former client (i.e., Officer Everett Faulk). Attorney Glave has violated his duty of loyalty and his duty to preserve the confidential information he obtained from Officer Faulk in connection with Attorney Glave's prior representation of Officer Faulk in a confidential Internal Affairs investigation. Attorney Glave's conflict of interest is incurable given the nature of Plaintiff's allegations in this case (i.e., Plaintiff contends he was retaliated against for complaining about a supposed "dirty cop" – Everett Faulk), given the fact that Attorney Glave has used Officer Faulk's confidential peace officer personnel information against his former client to advance the interests of Plaintiff in this action, and given Officer Faulk has never given the requisite informed written consent to Attorney Glave.

This Motion to Disqualify ("Motion") is made following the conference of counsel pursuant to Central District Local Rule 7-3, which took place on August 23 and 30, 2017.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Declaration of Sarah R. Lustig filed concurrently herewith, the Declaration of Everett Faulk filed concurrently herewith, the pleadings and records on file with this court, any evidence of which the Court may take judicial notice prior to or at ///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

1

2   the hearing of this matter, and upon such oral or documentary evidence as may be

3   presented at the hearing of this motion.

4   Dated:  September 6_, 2017                    Respectfully submitted,

5                                                 LIEBERT CASSIDY WHITMORE

6

7                                          By:   /s/ Sarah R. Lustig

8                                                 Geoffrey S. Sheldon
                                                  Sarah R. Lustig
9                                                 Attorneys for Defendants CITY
                                                  OF HERMOSA BEACH,
10                                                HERMOSA BEACH POLICE
                                                  DEPARTMENT, TOM
11                                                BAKALY and SHARON PAPA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

8265612.3 HE050-074

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## <u>TABLE OF CONTENTS</u>

<u>**PAGE**</u>

I.    INTRODUCTION ...................................................................... 8

II.   FACTUAL BACKGROUND ..................................................... 8

III.  LEGAL ANALYSIS ............................................................... 13

     A.    THE CITY AND PAPA HAVE STANDING TO BRING THIS MOTION AND THE COURT ALSO HAS THE INHERENT POWER TO DISQUALIFY PLAINTIFF'S COUNSEL TO ENSURE THE FAIR ADMINISTRATION OF JUSTICE ..................................... 13

     B.    ATTORNEY GLAVE HAS A CONFLICT OF INTEREST DUE TO HIS PRIOR REPRESENTATION OF OFFICER FAULK ............................................................. 15

          1.    Attorney Glave Has A Duty Of Loyalty And Confidentiality To Officer Faulk, Which Continues After Representation ............................................. 15

          2.    Officer Faulk Has Not Given Informed, Written Consent ..................................................... 18

IV.  CONCLUSION ...................................................................... 21

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4

# TABLE OF AUTHORITIES

**PAGE**

**Federal Cases**

*Beltran v. Avon Products, Inc.*
  867 F.Supp.2d 1068 (C.D. Cal. 2012) ........................................................ 16

*Colyer v. Smith*
  50 F.Supp.2d 966 (C.D. Cal. 1999) ...................................................... 13, 14

*In re County of Los Angeles*
  223 F.3d 990 (9th Cir. 2000) ...................................................................... 13

*Kearns v. Fred Lavery Porsche Audi Co.*
  745 F.2d 600 (Fed. Cir. 1984) .................................................................... 15

*Richardson v. Hamilton International Corp.,*
  469 F.2d 1382 (3d Cir. 1972) .............................................................. 13, 14

*S.E.C. v. King Chuen Tang*
  831 F.Supp.2d 1130 (N.D. Cal. 2011) ........................................................ 13

*Sanchez v. City of Santa Ana*
  936 F.2d 1027 (9th Cir. 1990) ............................................................. 14, 16

*Trone v. Smith,*
  621 F.2d 994 (9th Cir. 1980) ...................................................................... 13

*W. Sugar Coop. v. Archer-Daniels-Midland Co.*
  98 F.Supp.3d 1074 (C.D. Cal. 2015) .......................................................... 19

**State Cases**

*City & Cnty. of S.F. v. Cobra Sol'ns, Inc.*
  38 Cal.4th 839 (2006) ........................................................................... 17, 18

*Copley Press v. Superior Court*
  39 Cal.4th 1272 (2006) ........................................................................ 14, 17

*Flatt v. Super. Ct. (Daniel)*
  9 Cal.4th 275 (1994) ............................................................................ 17, 19

*H.F. Ahmanson & Co. v. Salomon Bros., Inc.*
  229 Cal.App.3d 1445 (1991) ...................................................................... 16

*In re Charlisse C.*
  45 Cal.4th 145 (2008) ................................................................................ 19

*Jessen v. Hartford Cas. Ins. Co.*
  111 Cal.App.4th 698 (2003) ...................................................................... 17

*Jun Ki Kim v. True Church Members of Holy Hill Cmty. Church*
  236 Cal.App.4th 1435 (2015) .................................................................... 18

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

8265612.3 HE050-074

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

*Long Beach Police Officers Assn. v. City of Long Beach*
 59 Cal.4th 59 (2014) ...................................................................... 14, 17

*Marriage of Zimmerman*
 16 Cal.App.4th 556 (1993) ...................................................................... 15

*Metro-Goldwyn-Mayer, Inc. v. Tracinda Corp.*
 36 Cal.App.4th 1832 (1995) ...................................................................... 18

*Oasis West Realty, LLC v. Goldman*
 51 Cal.4th 811 (2011) ...................................................................... 16

*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*
 20 Cal.4th 1135 (1999) ...................................................................... 15

*People ex rel. Deukmejian v. Brown*
 29 Cal.3d 150 (1981) ...................................................................... 16

*People v. Davis*
 48 Cal.2d 241 (1957) ...................................................................... 18

*People v. Mooc*
 26 Cal.4th 1216 (2001) ...................................................... 14, 16, 17, 20

*Wutchumna Water Co. v. Bailey*
 216 Cal. 564 (1932) ...................................................................... 16

*Zador Corp., N.V. v. Kwan*
 31 Cal.App.4th 1285 (1995) ...................................................................... 18

**Federal Statutes**

28 U.S.C. section 1446 ...................................................................... 9

28 U.S.C. section 441 ...................................................................... 9

28 U.S.C. section 1331 ...................................................................... 9

42 U.S.C. section 1983 ...................................................................... 9, 10

**State Statutes**

Business & Professions Code section 6068 ...................................................................... 15

Evidence Code section 1043 ...................................................... 14, 16, 17, 20

Government Code section 3304 ...................................................................... 9

Government Code section 3305 ...................................................................... 9

Government Code section 3306 ...................................................................... 9

Government Code section 3306.5 ...................................................................... 9

Labor Code section 1102.5 ...................................................................... 9, 10

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

8265612.3 HE050-074

Penal Code 832.7 .........................................................................14, 16, 17, 20

Penal Code section 832.5....................................................................14, 16, 17, 20

**State Rules**

California Rules of Professional Conduct Rule 3-310 .................................12, 15, 18

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

8265612.3 HE050-074

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff DONOVAN SELLAN ("Plaintiff"), by and through his counsel of record, Corey W. Glave ("Attorney Glave"), filed this action against Defendants SHARON PAPA (the Chief of Police) and TOM BAKALY (the former City Manager) individually, and the CITY OF HERMOSA BEACH ("City"), and HERMOSA BEACH POLICE DEPARTMENT ("HBPD") for, among other things retaliation in violation of the Public Safety Officers Procedural Bill of Rights Act ("POBR") (Cal. Gov't Code § 3300 et seq.), California's whistleblowing statute (Cal. Lab. Code § 1102.5), and the First Amendment of the United States Constitution (42 U.S.C. § 1983).  The gravamen of Plaintiff's lawsuit was that he was retaliated against by Defendants for "blowing the whistle" on another HBPD Police Officer, Officer Everett Faulk, who Plaintiff contends is a "dirty cop." Everett Faulk's alleged illegal activity.  (See  Dkt. 1-1 at Ex. A [Complaint] at ¶¶ 3-7, 10, 13 and Dkt. 17 [First Amended Complaint] at ¶¶ 3-7, 10, 13.)

However, Attorney Glave previously represented Officer Faulk and, as the concurrently filed Declaration of Everett Faulk ("Faulk Decl.") attests, Attorney Glave has not secured Officer Faulk's informed written consent to take positions adverse to Officer Faulk's interests or to use information from his confidential personnel files to damage Faulk's reputation and advance the interests of his present client, Plaintiff, over his former client, Officer Faulk.

The moving parties, as the custodian of record of peace officer personnel files, including Officer Faulk's personnel files, hereby requests that Attorney Glave be disqualified in this action and removed from the case due to an impermissible conflict of interest.

## II.    FACTUAL BACKGROUND

Attorney Glave previously represented Officer Everett Faulk in connection with his employment with the City.  Specifically, Attorney Glave represented

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1  Officer Faulk in connection with HBPD Internal Affairs Investigation No. 10-007,

2  relating to an allegation involving Officer Faulk's receipt of firearms.  (*See*

3  Declaration of Everett Faulk ["Faulk Decl."], ¶¶ 3, 6; Declaration of Sarah R.

4  Lustig ["Lustig Decl."], ¶ 12.)

5      On September 14, 2016, Plaintiff, filed a complaint against Defendants for:

6  (1) violation of POBR's recordkeeping requirements (Cal. Gov't Code §§ 3305 and

7  3306); (2) retaliation in violation of POBR (Cal. Gov't Code, § 3304); (3) request

8  for declaratory relief; (4) retaliation in violation of California's whistleblowing

9  statute (Cal. Lab. Code § 1102.5); and (5) violation of civil rights , including

10  retaliation in violation of First Amendment of the United States Constitution (42

11  U.S.C. § 1983), in the Superior Court of the State of California for the County of

12  Los Angeles, entitled *Donovan Sellan v. City of Hermosa Beach, et al.*, as Case

13  Number BC633696.  (*See* Dkt. 1-1, at Ex. A.)

14      Defendants removed this matter to federal court, pursuant to 28 U.S.C.

15  sections 1331, 1441, and 1446 (Federal Question Jurisdiction) (*see* Dkt. 1) and then

16  filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

17  Procedure (*see* Dkt. 9).

18      In his opposition to Defendants' motion to dismiss, Plaintiff argued that,

19  "Plaintiff initially brought this initial action in the Los Angeles County Superior

20  Court seeking injunctive and mandamus relief for violations of California

21  Government Code §3300, et seq. (Public Safety Officers Procedural Bill of Rights

22  Act), and relief for violations of his civil rights due to efforts by Defendants to

23  further a code of silence in order to protect a potentially corrupt police officer from

24  Plaintiff's complaints."  (*See* Dkt. 12, at 1.)

25      On November 29, 2016, Plaintiff filed his First Amended Complaint against

26  Defendants for: (1) violation of POBR's recordkeeping requirements (Cal. Gov't

27  Code §§ 3305, 3306, and 3306.5); (2) retaliation in violation of POBR (Cal. Gov't

28  Code, § 3304); (3) request for declaratory relief; (4) retaliation in violation of

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9

8265612.3 HE050-074

California's whistleblowing statute (Cal. Lab. Code § 1102.5); and (5) violation of civil rights , including retaliation in violation of First Amendment of the United States Constitution (42 U.S.C. § 1983).

In his First Amended Complaint, Plaintiff alleges that in November 2013, an informant for the U.S. Drug Enforcement Agency ("DEA") revealed information "that implicated a Hermosa Beach Police motor officer in possible criminal activity." (Dkt. 17, at ¶ 3.)  Plaintiff further alleges that both Sellan and HBPD "had received similar information about this same officer in the past (sometime in 2010)." (*Id.*)  Plaintiff further alleges, "Thereafter, Papa, gave Sellan a direct order not to discuss the matter or the investigation with anyone (whether in his official or private capacity).  Papa threatened Sellan that continued discussion by him with coworkers or any other law enforcement officials about the investigation or Sellan's dislike of Officer Everett Faulk would reflect poorly on the Hermosa Beach Police Department and subject Sellan to disciplinary action." (Dkt. 17, at ¶ 6.)

Plaintiff further alleges that Officer Faulk filed a "false complaint" against Plaintiff resulting in Internal Affairs Investigation No. 15-001, which contained "false comments." (Dkt. 17, at ¶ 13.)  Plaintiff alleged in his First Amended Complaint, "it appears that Officer Faulk might have lied or exaggerated in his complaint." (Dkt. 17, at ¶ 13.)

Both Defendants and Plaintiff identified Officer Faulk on their Rule 26 initial disclosures.  (Lustig Decl., ¶¶ 3, 10 and Exs. A, H.)  During discovery in this instant action, Attorney Glave extensively questioned witnesses about Officer Faulk's alleged misconduct, including on the very misconduct that Attorney Glave represented Officer Faulk on – despite the fact that peace officer personnel records and information contained therein is highly confidential under State law.  (Lustig Decl., ¶¶ 4-7, Ex. B [Phillips Dep.], at 49:10 -51:7; Ex. E [Thompson Dep.], at 31:5-33:19, 40:3-12; Ex. C [Scheid Dep.], at 25:3-9.)  For example, Attorney Glave asked former-Lieutenant Thomas Thompson the following questions:

8265612.3 HE050-074

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

- "Were you aware of allegations that Everett Faulk was holding guns illegally? They weren't registered to him? They didn't transfer to him?"
- "Do you recall Officer Cahalan in Redondo Beach Police Department coming to you with the allegation that Everett Faulk was holding guns for a convicted felon? So this is before any IA started, the actual complaint came to you."
- "Who from Redondo Beach brought [the allegation] to you?"
- "It's against policy for officers to associate with convicted felons; correct?"
- "It's a potential criminal charge to take possession of weapons without going through the proper transfer and title process; correct?"
- "And the allegation that was brought to you was Faulk never went through this process; correct?"
- "Do you recall who the convicted felon was?"
- "Going back to Faulk having or holding guns for a convicted felon, was the convicted felon ever interviewed by the Hermosa Beach Police Department?"
- "Isn't it true that the convicted felon was not interviewed?"

Similarly, Attorney Glave asked then-Sergeant Dorothy Scheid:

- "Were you aware of allegations that Officer Faulk was in possession of guns that he was holding that a drug dealer had given him?"
- "Outside of an IA, were you aware of that?"

Attorney Glave asked Lieutenant Landon Phillips:

- "Were you aware of allegations Officer Faulk was holding guns for a drug dealer?"
- "Did you ever as the IA investigator investigate an allegation that Faulk was holding guns for a drug dealer?"

Attorney Glave assailed Officer Faulk's character on other matters during

11

8265612.3 HE050-074

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

discovery as well.  For example, during depositions, Glave referred to Officer Faulk as a "dirty cop," for example, asking:

- "How were Officer Sellan's discussions regarding Faulk being a dirty cop with Sergeant Ramirez and Sergeant Higgins disrupting the police department?  (Lustig Decl., ¶ 6, Ex. D [Papa Dep.], at 185:11-13.)

- Weren't you present at a meeting where the DEA said that an arrestee had indicated that Officer Faulk was a dirty cop?  (Lustig Decl., ¶ 7, Ex. E [Thompson Dep.], at 25:5-7.)

- "And then Scott Irby was an arrestee in a drug case that said that he had information that Everett Faulk was a dirty cop. Do you recall that?" (Lustig Decl., ¶ 7, Ex. E [Thompson Dep.], at 26:20-22.)

Attorney Glave question witnesses regarding a litany of allegations of wrongdoing, including allegations involving Officer Faulk's alleged involvement with sugardaddy.com, and his alleged relationships with drug dealers and biker gang members, and his alleged affairs.

Attorney Glave has both used Officer Faulk's confidential peace officer personnel information against Faulk to benefit his current client, but he has attacked his former client's character viciously without getting informed written consent. (Faulk Decl, ¶¶ 5, 8; Lustig Decl., ¶ 12.)  If this case proceeds to trial, Attorney Glave will necessarily have to take positions adverse to Officer Faulk's interests, including during cross-examination of Officer Faulk.  (Lustig Decl., ¶¶ 3, 10 and Exs. A, H.)  Attorney Glave's breach of the California Rules of Professional Conduct, most notably Rule 3-310, is egregious and requires Attorney Glave's immediate disqualification.  For all these reasons, this Motion must be granted in its entirety.

///

///

///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12

8265612.3 HE050-074

## III.   LEGAL ANALYSIS

### A.   THE CITY AND PAPA HAVE STANDING TO BRING THIS MOTION AND THE COURT ALSO HAS THE INHERENT POWER TO DISQUALIFY PLAINTIFF'S COUNSEL TO ENSURE THE FAIR ADMINISTRATION OF JUSTICE

"The primary responsibility for controlling the conduct of lawyers practicing before the district court rests with that court." *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980) (*citing Richardson v. Hamilton International Corp.*, 469 F.2d 1382, 1385-86 (3d Cir. 1972).)  "The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers." *S.E.C. v. King Chuen Tang*, 831 F.Supp.2d 1130, 1141 (N.D. Cal. 2011) (citation omitted).  Courts in this circuit "apply state law in determining matters of disqualification." *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000); *see also Tang*, 831 F.Supp.2d at 1141 (citation omitted) ("Federal courts in California look to state law to decide motions to disqualify.").

Additionally, Defendants City and Papa have standing to bring this motion to disqualify Plaintiff's counsel.  In *Colyer v. Smith,* 50 F.Supp.2d 966, 971-972 (C.D. Cal. 1999), in analyzing whether the plaintiff had standing to bring a motion to disqualify opposing counsel, the court conducted a comprehensive survey of case law in other jurisdictions. *Colyer*, 50 F.Supp.2d at 969-71.  The court concluded that the "majority view is that only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current of former client." *Id.* at 969 (citation omitted).  However, the  court recognized that there were two exceptions where non-clients may have standing: (1) "in a case where the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of [its] claims, [the party] may have the constitutional standing needed to bring a motion to disqualify based on a third-party conflict of interest or

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1   other ethical violation"; and (2) where the ethical breach is so "manifest and

2   glaring" that it triggers the court's inherent obligation to manage the conduct of

3   attorneys who appear before it and to ensure the fair administration of justice.

4   *Colyer v. Smith*, 50 F.Supp.2d 966, 971-972 (1999).  "Courts have invoked the

5   exception in *Colyer* where particular facts have established that the party seeking

6   disqualification had a personal stake beyond the general interest in the fair

7   administration of justice."  *Tang*, 831 F.Supp.2d at 1143.

8       Here, Defendants City and Papa have a personal stake beyond the general

9   interest in the fair administration of justice because they are the custodians of peace

10  officer personnel records and information contained therein is highly confidential

11  under state and federal law.  See Cal. Penal Code §§ 832.5, 832.7; Cal. Evid. Code,

12  § 1043; *see generally, People v. Mooc*, 26 Cal.4th 1216 (2001); *see also, Sanchez v.*

13  *City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (in a civil rights action

14  against City, the personnel files of City employees are protected by the federal

15  common law "official information" privilege).  Indeed, peace officer personnel

16  information is so confidential that the mere disclosure of an officer's name, when

17  tied to personnel records or investigations, is illegal.  See, e.g. *Copley Press v.*

18  *Superior Court*, 39 Cal.4th 1272, 1297-1299 (2006); *Long Beach Police Officers*

19  *Assn. v. City of Long Beach*, 59 Cal.4th 59, 71-73 (2014).

20      Attorney Glave's breach of his ethical obligations to his former client involve

21  the misuse of and improper disclosure of confidential peace officer personnel

22  information – information the City would never have permitted Attorney Glave

23  access to absence his warranty that he represented Officer Faulk and would

24  preserve the confidentiality of the Internal Affairs investigation and Officer Faulk's

25  confidential personnel information.  The affected police officer, Everett Faulk, is an

26  employee of the City, and he has submitted a declaration in support of this Motion

27  because he has not consented to allow his former attorney to assault his character –

28  with confidential personnel information no less.  (See Faulk Decl., ¶¶ _-_.)

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Additionally, Defendants City and Papa have standing to bring this motion because the conflict of interest is so manifest and glaring, infecting the litigation to the point that it impacts Defendants' interest in a just and lawful determination of the lawsuit, and impedes the fair administration of justice.  The gravamen of Plaintiff's lawsuit is that he was retaliated against by Defendants for "blowing the whistle" on Officer Faulk's alleged illegal activity.  Attorney Glave obtained confidential information regarding Officer Faulk through his prior representation of Officer Faulk and there is a "substantial relationship" between that information and the present litigation because Attorney Glave is attempting to utilize the information he learned through his representation of Officer Faulk to Plaintiff's advantage in the present lawsuit in order to advance Plaintiff's case.  Furthermore, Defendants intend to call Officer Faulk as a witness at trial.  Attorney Glave would then be in the position of cross-examining his former-client about alleged misconduct – including the very same allegations of misconduct for which Attorney Glave had represented Officer Faulk.

**B.   ATTORNEY GLAVE HAS A CONFLICT OF INTEREST DUE TO HIS PRIOR REPRESENTATION OF OFFICER FAULK**

**1.   <u>Attorney Glave Has A Duty Of Loyalty And Confidentiality To Officer Faulk, Which Continues After Representation</u>**

It is well settled that an attorney's fiduciary duties of loyalty and confidentiality continue even after the representation ends.[1]  Cal. Rules of Prof'l Conduct R. 3-310.  At all times going forward, that lawyer must refrain from divulging or disclosing the former client's confidential information.  Cal. Bus. & Prof. Code, 6068(e)(1).  The attorney must also refrain from acting for new clients

---

[1] "An attorney represents a client—for purposes of a conflict of interest analysis—when the attorney knowingly obtains material confidential information from the client and renders legal advice or services as a result." *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*, 20 Cal.4th 1135, 1148 (1999); *see also Marriage of Zimmerman*, 16 Cal.App.4th 556, 564-565 (1993); *Kearns v. Fred Lavery Porsche Audi Co.*, 745 F.2d 600, 603 (Fed. Cir. 1984).

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

where the secrets, confidences and knowledge of the client's affairs acquired in the

course of the earlier retention can be used to the former client's disadvantage.

*Beltran v. Avon Products, Inc.*, 867 F.Supp.2d 1068 (C.D. Cal. 2012); *H.F.*

*Ahmanson & Co. v. Salomon Bros., Inc.*, 229 Cal.App.3d 1445, 1459 (1991);

*People ex rel. Deukmejian v. Brown*, 29 Cal.3d 150, 155 (1981); *Wutchumna Water*

*Co. v. Bailey*, 216 Cal. 564, 571 (1932); *see Oasis West Realty, LLC v. Goldman*,

51 Cal.4th 811, 821-823 (2011).

> "... The test of inconsistency is not whether the attorney has ever appeared for the party against whom he now proposes to appear, but it is whether his accepting the new retainer will require him, in forwarding the interests of his new client, to do anything which will injuriously affect his former client in any matter in which he formerly represented him, and also whether he will be called upon, in his new relation, to use against his former client any knowledge or information acquired through their former connection. (citations omitted)…
>
> From these pronouncements it appears that an attorney is forbidden to do either of two things after severing his relationship with a former client. He may not do anything which will injuriously affect his former client in any matter in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship."

*Wutchumna Water Co.*, 216 Cal. at 571-573.

Attorney Glave previously represented Officer Faulk, including in

connection with an internal affairs investigation regarding allegations that he

improperly stored firearms for others.  (Faulk Decl., at ¶ 3; Lustig Decl., ¶ 12.)  In

the course of his representation of Officer Faulk, Attorney Glave became aware of

confidential and privileged information regarding matters in Officer Faulk's

personnel records.  Peace officer personnel records and information contained

therein is highly confidential under State and federal law.  *See* Cal. Penal Code §§

832.5, 832.7; Cal. Evid. Code, § 1043; *People v. Mooc*, 26 Cal.4th 1216; *Sanchez v.*

*City of Santa Ana,* 936 F.2d at 1033.  Peace officer personnel information is so

confidential that the mere disclosure of an officer's name, when tied to personnel

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

16

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

records or investigations, is illegal.  *See, Copley Press v. Super. Ct.,* 39 Cal.4th at 1297-1299*; Long Beach Police Officers Ass'n v. City of Long Beach,* 59 Cal.4th at 71-73.  Any and all confidential information learned, gathered and reviewed by Attorney Glave during the course of this representation of Officer Faulk remains privileged, protected, and should not have been disclosed.[2]

Yet there is clear evidence of Attorney Glave, again and again, using this protected information to besmirch, discredit and dishonor Officer Faulk in this action.  During discovery in this instant action, Attorney Glave extensively questioned witnesses about Officer Faulk's alleged misconduct – including on the very misconduct that Attorney Glave had represented Officer Faulk on – despite the fact that peace officer personnel records and information contained therein is highly confidential under State and federal law.  (Lustig Decl., ¶¶ 4-7, Ex. B [Phillips Dep.], at 49:10 -51:7; Ex. E [Thompson Dep.], at 31:5-33:19, 40:3-12; Ex. 5 [Scheid Dep.], at 25:3-9; Ex. 6 [Papa Dep.], at p. 42:18-43:14.)  *See also*, Cal. Pen Code §§ 832.5, 832.7; Cal. Evid. Code § 1043; *see generally, People v. Mooc*, 26 Cal.4th 1216 (2001); *Jessen v. Hartford Cas. Ins. Co.*, 111 Cal.App.4th 698, 709 (2003) (if the relationship attorney was personally involved in providing legal advice and services to the former client then it must be presumed that confidential information has passed to the attorney and there cannot be any delving into the specifics of the communications between the attorney and the former client in an effort to show that the attorney did or did not receive confidential information

///

---

[2] It is not necessary to prove confidential information was ***actually*** obtained through Attorney Glave's former representation of Officer Faulk since: (1) a "substantial relationship" exists between the former and present matters, and (2) the nature of the employment was such that confidential information material to the case would normally be imparted to the attorney, then the attorney's knowledge of material confidential information is conclusively presumed and disqualification is mandatory absent the former client's informed written consent.  *Flatt v. Super. Ct. (Daniel),* 9 Cal.4th 275, 283 (1994); *City & Cnty. of S.F. v. Cobra Sol'ns, Inc.*, 38 Cal.4th 839, 846-847 (2006).

8265612.3 HE050-074

during the course of that relationship); *City & Cnty. of S.F. v. Cobra Sol'ns, Inc.*, 38 Cal.4th 839, 847 (2006).

Moreover, because of the fiduciary relationship between attorney and client, it is improper for attorney to assume a position which is inconsistent with interest of former clients. *Zador Corp., N.V. v. Kwan*, 31 Cal.App.4th 1285, 1293 (1995). In fact, it is a violation of an attorney's duty of fidelity to client to assume a position adverse or antagonistic to a former client without his/her free and intelligent consent after full knowledge of the facts and circumstances. *People v. Davis*, 48 Cal.2d 241 (1957); *Metro-Goldwyn-Mayer, Inc. v. Tracinda Corp.,* 36 Cal.App.4th 1832, 1843 (1995) (Rule 3-310 of the California Rules of Professional Conduct may apply even where the former client is not a party to the current litigation if the former client would be adversely affected by the outcome).

The efforts of Attorney Glave to injure Officer Faulk in the present litigation, including by using the information Officer Faulk gave Attorney Glave access to when Attorney Glave previously represented him, could not be clearer. As discussed below, Attorney Glave did not secure a written informed consent from Officer Faulk prior to the present litigation. The Court can evaluate this issue and issue an order of disqualification *sua sponte*, and for the reasons set forth herein it should do so. *Trone*, 621 F.2d at 999; *King Chuen Tang*, 831 F.Supp.2d at 1141.

## 2. Officer Faulk Has Not Given Informed, Written Consent

A former client must give an unqualified, written waiver before an attorney can ethically act in a capacity that is adverse to his or her former client. *See Jun Ki Kim v. True Church Members of Holy Hill Cmty. Church*, 236 Cal.App.4th 1435 (2015). If an attorney undertakes to represent a client adverse to a former client, without obtaining informed consent, the attorney may be ***automatically disqualified*** by showing a "substantial relationship" between the subjects of the prior and current representations. *City & Cnty. of S.F. v. Cobra Sol'ns, Inc., 38 Cal.4th 839, 847*; *W. Sugar Coop. v. Archer-Daniels-Midland Co.*, 98 F.Supp.3d 1074, 1080–81

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

18

1  (C.D. Cal. 2015); *Flatt v. Super. Ct.,* 9 Cal.4th 275, 283 (1994); *In re Charlisse C.,*

2  45 Cal.4th 145, 166 n. 11 (2008).

3       As discussed above in Section III.A, there is a substantial relationship

4  between the subjects of the prior and current representations.  Plaintiff alleges that

5  he has been retaliated against attempting to expose supposed corruption by

6  Attorney Glave's former client, Officer Faulk.  (See Dkt. 17 [First Amended

7  Complaint] at ¶¶ 3-7, 10, 13 [which references Officer Faulk by name claims he

8  may have engaged in "criminal activity," filed a "false complaint," which contained

9  "false comments"].)

10      In his responses to written discovery, Sellan identifies numerous allegations

11 against, Officer Faulk, including:

12      • "Officer Faulk was drunk and parting in a bar in Anaheim, and got in

13        an argument with Anaheim police officers."

14      • "A Mongol motorcycle gang member with a 1% tattoo on his

15      • chest (which represents murder) was stopped by a Hermosa Beach

16        Officer. When asked why he was visiting Hermosa Beach he advised

17        that he was there going to visit his friend Faulk. Later on Faulk

18        admitted that the person was his friend."

19 (Lustig Decl., at ¶ 13, Ex. J at Interrog. No. 1.)

20      In the course of his representation of Officer Faulk, Attorney Glave became

21 aware of confidential and privileged information regarding matters in Officer

22 Faulk's personnel records.  During discovery in this instant action, Attorney Glave

23 is now using that information to discredit, harm, and injure his former client,

24 Officer Faulk.  Attorney Glave has extensively questioned witnessed about Officer

25 Faulk's alleged misconduct, including on the very misconduct that Attorney Glave

26 represented Officer Faulk on – despite the fact that peace officer personnel records

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

19

1    and information contained therein is highly confidential under State law.[3]   (Lustig

2    Decl., ¶¶ 4-7, Ex. B [Phillips Dep.], at 49:10-51:7; Ex. E [Thompson Dep.], at 31:5-

3    33:19, 40:3-12; Ex. C [Scheid Dep.], at 25:3-9; Ex. 6 (Papa Dep.) at p. 42:18-

4    43:14.)  *See also*, Cal. Pen. Code §§ 832.5, 832.7; Cal. Evid. Code § 1043; *see*

5    *generally, People v. Mooc*, 26 Cal.4th 1216 (2001).

6         Attorney Glave did not secure a written, informed consent from Officer

7    Faulk prior to the present litigation.  (Faulk Decl., ¶¶ 4, 8.)  In fact, Officer Faulk

8    has still not consented, and he is clearly upset by both the positions Attorney Glave

9    has taken in this action as well as the use of his confidential personnel history

10   against his interests.  (Faulk Decl., ¶¶ 3-8.)

11        Attorney Glave has breached professional ethics and obligations he owes

12   Officer Faulk, and should not be further permitted to use this confidentially

13   acquired information against his former client in this action.  Accordingly, it is

14   respectfully requested that this Court order Attorney Glave, and any other attorney

15   working in Attorney Glave's office, disqualified from representing Plaintiff in this

16   action.

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

---

23   [3] Additionally, Plaintiff identified Sergeant Jaime Ramirez and Officer George
24   Brunn as witnesses in his initial disclosures.  (Lustig Decl. at ¶ 3, Ex. A.)  During
     discovery, Attorney Glave asked questions relating to and sought records relating to
25   their disciplinary history.  When Defendants sought to depose Sergeant Ramirez
     and Officer Brunn, Attorney Glave represented both of them and refused to allow
26   Sergeant Ramirez or Officer Brunn to answer questions relating to the same topics.
     He further refused to allow Sergeant Ramirez or Officer Brunn to answer whether
27   they had signed a conflict waiver.  (Lustig Decl., ¶¶ 8-9, Ex. F [Ramirez Dep.], at
     17:4-12, 27:18-33:4 & Dep. Exs. 104-106, Ex. G, [Brunn Dep.], at 15:7-16, 23:3-
28   27:6.)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

IV.     **<u>CONCLUSION</u>**

For all these reasons, the Court must grant this Motion in its entirety.

Dated:  September 6, 2017                    Respectfully submitted,

                                            LIEBERT CASSIDY WHITMORE


                                    By:  /s/s Sarah R. Lustig
                                         Geoffrey S. Sheldon
                                         Sarah R. Lustig
                                         Attorneys for Defendants CITY
                                         OF HERMOSA BEACH,
                                         HERMOSA BEACH POLICE
                                         DEPARTMENT, TOM
                                         BAKALY and SHARON PAPA

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

8265612.3 HE050-074

## DECLARATION OF SARAH R. LUSTIG IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

I, Sarah R. Lustig, declare as follows:

1.     I am an attorney at law duly licensed to practice in all courts of the State of California, and I also admitted to practice in the United States District Court for the Central District of California.

2.     I am an attorney with the law firm of Liebert Cassidy Whitmore, attorneys of record for Defendants City of Hermosa Beach ("City"), Hermosa Beach Police Department ("HBPD"), Sharon Papa ("Papa"), and Tom Bakaly ("Bakaly") (collectively "Defendants") in the above-referenced matter.  I am one of the attorneys primarily responsible for this case along with Geoffrey S. Sheldon. As such, I am familiar with the papers and files in this matter, and I have personal knowledge of all facts set forth herein.  If called upon to testify to the same, I could and would so testify.

3.     Officer Faulk is identified as a witness on Plaintiff Sellan's initial disclosures.  Personnel records relating to Officer Faulk are also identified in Plaintiff's initial disclosures, including but not limited to: "(3) Documents regarding Internal Affairs Investigations relating to Plaintiff Donovan Sellan, including but not limited to IA 15-001, maintained by the Hermosa Beach Police Department"; "(5) Investigation(s) completed by Los Angeles County Sheriffs Department regarding Everett Faulk"; (6) Personnel and/or IA file regarding administrative investigations of Everett Faulk"; "(8) Traffic collision report regarding Everett Faulk."  Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's FRCP Rule 26(A)(1), untimely served on Defendant on December 28, 2016.

4.     On April 12, 2017, Plaintiff's counsel, Corey Glave, deposed HBPD Police Lieutenant Landon Phillips.  I defended the deposition on behalf of

///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Defendants.  Attached hereto Exhibit "B" is a true and correct copy of relevant excerpts of Phillips deposition.

5.     On April 20, 2017, Attorney Glave deposed then-HBPD Police Sergeant Dorothy Scheid.  I defended the deposition on behalf of Defendants. Attached hereto Exhibit "C" is a true and correct copy of relevant excerpts of Scheid's deposition.  I am aware that Scheid has since been promoted to Lieutenant.

6.     On April 24, 2017, Attorney Glave deposed Chief of Police Sharon Papa.  Attorney Sheldon defended the deposition on behalf of Defendants. Attached hereto Exhibit "D" is a true and correct copy of relevant excerpts of Papa's deposition.

7.     On April 28, 2017, Attorney Glave deposed former-HBPD Police Lieutenant Thomas Thompson.  Attorney Sheldon defended the deposition on behalf of Defendants.  Attached hereto Exhibit "E" is a true and correct copy of relevant excerpts of Thomson's deposition.

8.     On May 16, 2017, I deposed HBPD Police Sergeant Jamie Ramirez. Officer Ramirez was represented by Attorney Glave during his deposition. Attached hereto Exhibit "F" is a true and correct copy of relevant excerpts and exhibits of Ramirez's deposition.

9.     On May 18, 2017, I deposed HBPD Police Officer George Brunn. Officer Brunn was represented by Attorney Glave during his deposition.  Attached hereto Exhibit "G" is a true and correct copy of relevant excerpts and exhibits of Brunn's deposition.

10.     Officer Faulk is identified as a witness of Defendants' initial disclosures.  Attached hereto as Exhibit "H" is a true and correct copy of Defendants' Supplemental Initial Disclosures Pursuant to Federal Rules of Civil Procedure, Rule 26(A)(1), served May 19, 2017.

11.     Pursuant to Local Rule 7-3, on August 23, 2017, I sent a letter to Attorney Glave advising that Defendants' intended to file a motion for to disqualify

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

23

Plaintiff's counsel on October 6, 2017 and identifying the substance of Defendants' intended motion with legal authority, and requesting an in person meet and confer conference be scheduled prior to August 30, 2017.  Attached hereto as Exhibit "I" is a true and correct copy of my August 23, 2017 email to Attorney Glave and my August 23, 2017 letter which was attached to my email.

12.     On August 30, 2017, an in person meet and confer conference took place between Attorney Lustig and Attorney Glave, regarding, among other things, Defendants' motion to disqualify Plaintiff's counsel.  Attorney Danny Y. Yoo from my office also attended.  During this conference, Attorney Glave acknowledged that he had represented Officer Faulk several years ago.  I stated that attorneys have an ongoing duty of confidentiality and loyalty and advised Attorney Glave that we were informed that Office Faulk had not signed a written consent authorizing Attorney Glave's representation of Plaintiff Sellan in the current litigation, even though Attorney Glave has been questioning witnesses about Officer Faulk and pointed out that Officer Faulk is identified on Defendants' initial disclosures and, therefore, Attorney Glave would be cross-examining Officer Faulk at trial if Defendants called him as a witness.  During this conference, I asked Attorney Glave whether he had received written consent from Officer Faulk to bring the present litigation or disclose his confidential information.  Attorney Glave stated that he did not need written consent from Officer Faulk.

///
///
///
///
///
///
///
///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

8265612.3 HE050-074

13.    Attached hereto as Exhibit "J" is a true and correct copy of Plaintiff's Objections and Responses to Defendant Hermosa Beach Police Department's Interrogatories To Plaintiff-Set One, which Plaintiff caused to be served on my office on or about March 6, 2017.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 6th day of September 2017, in Los Angeles, California.

*/s/ Sarah R. Lustig*
SARAH R. LUSTIG

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

25