Page 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN


DONOVAN SELLAN,                    )
                                   )
            Plaintiff,             )
                                   )  Case No.
      vs.                          )  2:16-cv-07706-FMO-AS
                                   )
CITY OF HERMOSA BEACH, a           )
Municipal Corporation;            )
HERMOSA BEACH POLICE               )
DEPARTMENT, a public safety )
department; TOM BAKALY,            )
City Manager, in his               )
official and individual            )
capacity; SHARON PAPA,             )
Chief of Police, in her            )
official and individual            )
capacity; DOES I-X,                )
inclusive,                         )
                                   )
            Defendants.            )
                                   )


DEPOSITION OF JAIME RAMIREZ

MAY 16, 2017




REPORTED BY:     IMHOF AND ASSOCIATES, INC.
                 COURT REPORTERS & VIDEOGRAPHERS
JACQUELINE MARTINEZ
CSR No. 12418                    20650 Adam Circle
                                 Yorba Linda, Ca.
                                   92886

Job No. 170516J

**LUSTIG DECLARATION EXHIBIT F - 1**

1      A     No.

2      MR. GLAVE:  At least no humans.

3      MS. LUSTIG:  Four-legged variety?

4      Q     When did you retain Mr. Glave in connection

5   with today's deposition?

6      MR. GLAVE:  Objection.  Vague.

7          To the extent you can answer, go ahead.

8      THE WITNESS:  A couple of weeks ago.

9      Q     BY MS. LUSTIG:

10         And you're aware that Mr. Glave also

11   represents plaintiff, Donavan Sellan, in this matter?

12     A     Yes.

13     Q     When is the last time you spoke with

14   Donavan Sellan?

15     A     Several weeks ago.

16     Q     By "several weeks," do you mean three?

17     A     I believe so.

18     Q     And what did you discuss when you spoke with

19   Officer Sellan?

20     MR. GLAVE:  To the extent that it wasn't

21   conversations directed to me to talk to him or him to

22   talk to you by me, it was just you guys having a

23   discussion, you can answer; otherwise, we'll assert the

24   attorney-client communications under my direction.

25     MS. LUSTIG:  There's no joint representation.

Page 27

1    necessarily with you, but --

2        A    E-mails, texts messages.

3        Q    And you're refusing to produce them today?

4        MR. GLAVE:  He's not refusing, he's following his

5    attorney's advice.  And we've sent objections.  We let

6    you know the subpoenas were served improperly, served

7    by a party that's not the proper service of a subpoena.

8    We've done the objections.  We've asked for a

9    protective order.  Defendants have refused.  Until

10   those matters are resolved, the documents will not be

11   produced.

12            You're just following my advice, correct?

13       THE WITNESS:  That's correct.

14       Q    BY MS. LUSTIG:

15            Are you aware that we can file a motion to

16   compel?

17       A    Yes.

18       Q    Are you aware that the Department has a policy

19   regarding compliance with subpoenas?

20       A    Yes.

21       Q    Is your understanding that you're in

22   compliance with the policy regarding subpoenas?

23       A    Under counsel's advice, I gave them to him,

24   and he's making objections to it.

25       Q    So you're not going to produce any documents,

1    even the City's e-mails?

2              I'm asking him, not you, Counsel.

3         MR. GLAVE:   I don't care who you're asking.

4    You're asking for him to reveal attorney-client

5    communications.   We've already stated, on the record,

6    that we've done the objections.   You acknowledge

7    receipt of the objections.   You haven't met and

8    conferred.   You haven't responded to the protective

9    order.   We've given you a draft.   You said you would

10   get back to us.   You haven't done that.   So it doesn't

11   fall on him, it falls on counsel.

12        MS. LUSTIG:   I would disagree.

13        MR. GLAVE:   You can disagree all you want.   Bring

14   a motion.   You have two days.

15        Q    BY MS. LUSTIG:

16              Sergeant Ramirez, you're not producing

17   documents on advice of counsel, correct?

18        A    Yes.

19        MS. LUSTIG:   This will be 104.

20              (Defendants' Exhibit 104 was marked by the

21              Certified Shorthand Reporter and attached

22              hereto.)

23   BY MS. LUSTIG:

24        Q    Please review this document.   Let me know when

25   you're done.

```
 1        A    Okay.

 2        Q    Have you seen this document before?

 3        A    No.

 4        Q    I'd like to turn your attention to page 3.

 5   Are you aware that plaintiff, by and through his

 6   counsel of record, identifies you as a witness he

 7   intends to call at trial?

 8        A    No.

 9        MS. LUSTIG:  All right.  This is 105.

10             (Defendants' Exhibit 105 was marked by the

11              Certified Shorthand Reporter and attached

12              hereto.)

13   BY MS. LUSTIG:

14        Q    Please review this document and let me know

15   when you're done.

16        A    Okay.

17        Q    Have you ever seen this document before?

18        A    No.

19        Q    Would you please turn your attention to the

20   bottom of page 8, request number 15.  Bottom of page 8,

21   half of page 9.

22             Are you aware that plaintiff, by and through

23   his counsel of record, requested copies of

24   communications between Tom Bakaly and Sharon Papa

25   relating to your employment with the City of Hermosa
```

 1   Beach?

 2        MR. GLAVE:  Don't answer.  It's attorney-client

 3   communication.

 4        MS. LUSTIG:  I can ask if he's aware of that.

 5        MR. GLAVE:  You can ask, and I'll put the

 6   objection on there and direct him not to answer.

 7   Because that would call for attorney-client

 8   communications.

 9        THE WITNESS:  On the advice of counsel, I'm not

10   going to answer that.

11        Q    BY MS. LUSTIG:

12        Are you aware that the City refused to provide

13   documents and objected on the basis of privacy?

14        MR. GLAVE:  Aside from any communications you and

15   I have had, you can answer the question.  But if it's

16   only from information that you and I have discussed,

17   you don't answer that on attorney-client communication.

18        THE WITNESS:  I'm not sure I understand.

19        MR. GLAVE:  Did anybody else tell you that,

20   besides counsel?

21        THE WITNESS:  No.

22        MS. LUSTIG:  This is Exhibit 106.

23             (Defendants' Exhibit 106 was marked by the

24             Certified Shorthand Reporter and attached

25             hereto.)

1          MR. GLAVE:  Counsel, if you're going to spend all

2    your time doing this, you're going to get the same

3    answers and objections.

4          Just so the record's clear, Exhibit 104 was

5    Plaintiff's Initial Disclosures, Exhibit 105 was a

6    Notice of Deposition for Tom Bakaly, and Exhibit 106 is

7    a Request for Production of Documents to the City of

8    Hermosa Beach.

9          Q    BY MS. LUSTIG:

10         And please review this document and my first

11   question to you is going to be have you ever seen this

12   document?  Yes, it's a lot.  We agree.

13         Have you seen the document before?

14         A    No.

15         Q    If you turn your attention to page 27, request

16   228.  Are you aware that Officer Sellan, by and through

17   his counsel of record, has requested the City provide

18   personnel records of other officers, including

19   yourself, for the years 2015, '16, and '17?

20         MR. GLAVE:  I object and instruct you not to

21   answer based on attorney-client communication.

22         MS. LUSTIG:  I'm asking if he's aware.  He can

23   answer.

24         MR. GLAVE:  For him to be aware, it would call for

25   revealing attorney-client communications.  He's been

Page 32

1    directed not to answer.

2            You're going to follow my advice?

3       THE WITNESS:   On counsel's advice, I'm not going

4    to answer it.

5       Q    BY MS. LUSTIG:

6            Are you aware that the City objected to

7    producing these documents?

8       MR. GLAVE:   Same objection, same direction.

9            Unless you learned it from somebody else,

10   outside of counsel, told you that the City had objected

11   to it.

12      THE WITNESS:   On counsel's advice.

13      Q    BY MS. LUSTIG:

14           Are you aware that Mr. Glave met with counsel

15   for the City on May 4th, 2017 and again requested these

16   records?

17      MR. GLAVE:   Same objection, same direction.  Calls

18   for attorney-client communication.

19      Q    BY MS. LUSTIG:

20           Are you on duty today?

21      A    Yes.

22      Q    And what time did you go on duty?

23      A    0600 hours.  6:00 a.m.

24      Q    Thank you.

25           And what time will you go off duty today?

 1        A     3:00 p.m.

 2        Q     And if we go longer than 3:00 p.m., you'll put

 3   in for overtime?

 4        A     Yes.

 5        MS. LUSTIG:  Let's take a five-minute break.

 6        MR. GLAVE:  Your deposition.

 7             (A break was taken.)

 8        MS. LUSTIG:  Let's go back on the record.

 9        Q     Do you understand the admonitions that I gave

10   you this morning still apply?

11        A     Yes.

12        Q     When did you graduate high school?

13        A     1989.

14        Q     Do you have a college degree?

15        A     Yes.

16        Q     From where?

17        A     Cal State Long Beach.

18        Q     In what year did you get a college degree?

19        A     I think it was 2006.

20        Q     And what is your degree in?

21        A     Police management -- or not management, I

22   think --

23        Q     This is probably the hardest question I'm

24   going to ask you.

25        A     I'm trying to think of the exact term.  It's

Page 115

1

2

3

4

5          I, JAIME RAMIREZ, declare

6     under penalty of perjury under the laws of the

7     State of California that the foregoing is

8     true and correct.

9

10          Executed at _____,

11     California, this _____ day of _____,

12     2017.

13

14

15                    _____

                          JAIME RAMIREZ
16

17

18

19

20

21

22

23

24

25

**LUSTIG DECLARATION EXHIBIT F - 10**

Page 117

1        REPORTER CERTIFICATION OF CERTIFIED COPY

2

3

4

5        I, JACQUELINE MARTINEZ, CSR No. 12418, a

6    Certified Shorthand Reporter in the State

7    of California, certify that the foregoing

8    pages 1 through 116 constitute a true and

9    correct copy of the original deposition of

10   JAIME RAMIREZ, taken on May 16, 2017.

11       I declare under penalty of perjury

12   under the laws of the State of California

13   that the foregoing is true and correct.

14       Dated this 28th day of May, 2017.

15                    •

16

17

18
                 JACQUELINE MARTINEZ, CSR No. 12418
19

20

21

22

23

24

25

**LUSTIG DECLARATION EXHIBIT F - 11**

1  COREY W. GLAVE (State Bar No. 164746)
   Attorney at Law
2  1042 2ⁿᵈ Street
   Hermosa Beach, CA 90254
3  Phone: (323) 547-0472
   POAattorney@aol.com
4

5  Attorneys for Plaintiff
   Donovan Sellan
6

7                  UNITED STATED DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA-WESTERN

9
   DONOVAN SELLAN                    )    Case No. 2:16-cv-07706-FMO-AS
10        Plaintiff,                 )
                                     )
11 vs.                              .)    PLAINTIFF'S FRCP RULE 26(A)(1)
                                     )    INITIAL DISCLOSURES
12 CITY OF HERMOSA BEACH, a         )
   Municipal Corporation; HERMOSA   )
13 BEACH POLICE DEPARTMENT, a       )
   public safety department;  TOM   )
14 BAKALY, City Manager, in his official )
   and individual capacity; SHARON  )
15 PAPA, Chief of Police, in her official and )
   individual capacity; DOES I-X, inclusive )
16                                   )
            Defendants.              )
17 _____)

18
          Pursuant to F.R.C.P. Rule 26(a)(1), Plaintiff Donovan Sellan hereby makes his
19
   initial disclosures.  This Initial Disclosure Statement is based on information reasonably
20
   available to Plaintiff as of this date.  Continuing investigation and discovery may and will
21
   alter this disclosure.  Plaintiff makes these disclosures without prejudice to his right to
22
   update, supplement and/or amend the disclosures at a later time as investigation and
23
   discovery are ongoing.
24

25
   I.     Initial Disclosure Pursuant to Fed. R. Civi. P. 26(a)(1)
26
          In making this disclosure, Plaintiff does not represent that he has identified every
27
   document, tangible thing or witness that he may use in support of his case.  Rather,
28

                                         1
LUSTIG DECLARATION EXHIBIT F - 12

EXHIBIT
104 Ramirez
5-16-17
PENGAD 800-631-6989

1  Plaintiff's disclosures represents a good faith effort to identify discovery information he

2  current reasonably believes may be used to support his claims or defenses as required

3  by Fed. R.Civ.P. 26(a)(1).  This disclosure does not include information that may be

4  used solely for impeachment purposes.

5          Plaintiff makes this initial disclosure without waiving, in any way: (1) any claim of

6  privilege or work product; (2) the right to object on the grounds of competency,

7  relevancy and materiality, hearsay, or any other proper ground, to the use of any such

8  information, for any purpose, in whole or in part, in subsequent procedures in this action

9  or any other action; and (3) the right to object on any and all grounds, at any time, to

10 any other discovery request or proceeding involving or relating to the subject matter of

11 any information contained in this disclosure.

12          Finally, this disclosure does not identify or otherwise include information

13 concerning experts, as this subject is not covered by Fed.R.Civ.P. 26(a)(1).

14

15 **A.   Witnesses**

16          Unless otherwise noted, the below reference individual have been listed because

17 they may have personal knowledge of Plaintiff's allegations and the actions and

18 defense of the Defendants pertaining to Plaintiff's claims, unless solely for

19 impeachment.

20          Based on information reasonable available to Plaintiff at this time, the following

21 are the names, and if known and not confidential, the addresses of individuals likely to

22 have discoverable information that Plaintiff may use to support their claims or defenses

23 unless solely for impeachment.  Because discovery is just beginning and ongoing, this

24 list does not identify all individuals.

25          1.      Donovan Sellan, Plaintiff, contact information known to counsel

26          2.      Tom Bakaly, Defendant, contact information known to counsel

27          3.      Sharon Papa, Defendant, contact information known to counsel

28          4.      Landon Phillips, Defendant, contact information known to counsel

2

**LUSTIG DECLARATION EXHIBIT F - 13**

5.   Thomas Thompson, confidential peace officer status

6.   Milton McKinnon, Hermosa Beach Police Department

7.   Monica Bagnara, contact information known to counsel

8.   Everett Fault, Hermosa Beach Police Department

9.   DEA Agent John Eric Neal, confidential law enforcement protections

10.   George Brunn, Hermosa Beach Police Department

11.   Eric Cahalan, Hermosa Beach Police Department

12.   Deputy DA Keith [last name]

13.   Scott Irby, unknown contact information

14.   Robert Higgins, Hermosa Beach Police Department

15.   Anthony Parente, confidential peace officer status

16.   Don Jones, Hermosa Beach Police Department

17.   James McNamee, Drug Enforcement Agency

18.   Investigators for LASD IA and/or IAC.

19.   All individual identified in the internal affairs investigation in this matter

20.   All individuals identified in any document or discovery in this matter.

**B.**   **Documents**

The following categories of documents may be sued by Plaintiff to support his claims.  The categories of documents are bleieved to be in the possess, custody and control of Defendant City of Hermosa Beach and/or others.  Discovery is ongoing and continuing and Plaintiff continues to search for documents germaine to this action for the purpose of supplementing these disclosures.  The following list will be supplement as other documents become known to and/or in the possession of Plaintiffs, or as specific request are made to Plaintiffs.

1.   Plaintiff Donovan Sellan's Personnle File maintained by Hermosa Beach Police Department;

2.   Plaintiff Donovan Sellan's Personnel File maintained by the City of

3

1 Hermosa Beach;

2     3.    Documents regarding Internal Affairs Investigations relating to Plaintiff

3 Donovan Sellan, including but not limited to IA 15-001, maintained by the Hermosa

4 Beach Police Department;

5     4.    2015 Police Sergeant promotional testing and result file, maintained by

6 the City of Hermosa Beach;

7     5.    Investigation(s) completed by Los Angeles County Sheriff's Department

8 regarding Everett Faulk;

9     6.    Personnel and/or IA file regarding administrative investigations of Everett

10 Faulk;

11     7.    Criminal Investigation of Scott Irby

12     8.    Traffic collision report regarding Everett Faulk;

13     9.    Personnel file for Sharon Papa;

14     10.    Personnel file for Milton McKinnon

15     11.    Electronic communications from employees of the Hermosa Beach Police

16 Department to Donovan Sellan;

17     12.    All documents and/or recordings identified in the internal affairs

18 investigations related to this matter;

19     13.    All documents identified in any document or discovery in this matter.

20

21 **C.**   **Documents Relating to Damages**

22     Plaintiff asserts that he has been damages in an ongoing amount, therefore,

23 damages cannot be fully calculated at this time. Known damages include, but are not

24 limited to, the difference in pay between a top step police officer and a police sergeant

25 (approximately $1100 to $1400 per month) plus associated increase in overtime rate

26 (loss of approximately $28,800 per year. Additionally, damages include the loss of

27 overtime pay for special assignments (estimated at approximately $10,000 per year) for

28 which Plaintiff was denied. Plaintiff suffered and/or continues to suffer general

1  emotional distress damages.  Plaintiff has had his retirement income decreased due to

2  the difference in pay, referenced above, in an amount between 50% to 90% of the

3  sergeant differential for the remainder of his life after retirement. Finally, Plaintiff has

4  lost the ability for career enhancement; to wit, special assignments as a sergeant and

5  loss of promotional opportunities.

6       In addition to the above referenced documents, Plaintiffs are currently searching

7  for documents related to damages and will supplement this disclosure when proper and

8  possible.

9

10  Dated: December 28, 2016          COREY W. GLAVE, ATTORNEY AT LAW

11                                    /s/ Corey Glave

12                      By_____
                            Corey W. Glave,
13                          Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S INITIAL DISCLOSURES

**LUSTIG DECLARATION EXHIBIT F - 16**

1   **PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF <u>LOS ANGELES</u>:

3        I am employed in the County of Los Angeles, State of California.  I am over the
    age of 18 and not a party to the within action; my address is 1042 2nd Street, Hermosa
4   Beach, CA 90254

5        On December 28, 2016, I served the foregoing document described as

6        Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint

7   on the parties in this action by first class mail on the parties in this action by placing a
    copy thereof in an envelope addressed as follows:
8
    Sarah R. Lustig
9   Liebert Cassidy Whitmore
    6033 West Century Blvd, 5th Floor
10  Los Angeles, CA 90045
    slustig@lcwlegal.com
11
         I am readily familiar with the firm's practice of collection and processing
12  correspondence for mailing.  Under that practice it would be deposited with U.S. postal
    service on that same day with postage thereon fully prepaid at Los Angeles, California
13  in the ordinary course of business.  I am aware that on motion of the party served,
    service is presumed invalid if postal cancellation date or postage meter date is more
14  than one day after date of deposit for mailing in affidavit.

15

16       Executed on December 28, 2016, at Hermosa Beach, California.

17   X_    STATE       I declare under penalty of perjury under the laws of the State of
                       California that the above is true and correct.
18
                                      /s/ Corey Glave
19                       _____
                                      Corey W. Glave
20

21

22

23

24

25

26

27

28

                                         6
**LUSTIG DECLARATION EXHIBIT F - 17**

1   COREY W. GLAVE (State Bar No. 164746)
    Attorney at Law
2   1042 2nd Street
    Hermosa Beach, CA 90254
3   Phone: (323) 547-0472
    POAattorney@aol.com
4

5   Attorneys for Plaintiff
    Donovan Sellan
6

7                    UNITED STATED DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA-WESTERN

9
    DONOVAN SELLAN                 )    Case No. 2:16-cv-07706-FMO-AS
10            Plaintiff,           )
                                   )
11  vs.                           )    NOTICE OF TAKING DEPOSITION OF
                                   )    TOM BAKALY; REQUEST FOR
12  CITY OF HERMOSA BEACH, a       )    PRODUCTION OF DOCUMENTS
    Municipal Corporation; HERMOSA )    (Set No. 1)
13  BEACH POLICE DEPARTMENT, a     )
    public safety department;  TOM )
14  BAKALY, City Manager, in his official )  Date:      April 5, 2017
    and individual capacity; SHARON )   Time:      9:30 a.m.
15  PAPA, Chief of Police, in her official and ) Location:  Sousa Court Reporters,
    individual capacity; DOES I-X, inclusive )            736 4th Street, Hermosa
16                                 )                      Beach, CA 90254
            Defendants.            )
17  _____)

18
        TO CITY OF HERMOSA BEACH, HERMOSA BEACH POLICE DEPARTMENT,
19
    TOM BAKALY, SHARON PAPA, ALL OTHER PARTIES AND THEIR ATTORNEYS OF
20
    RECORD:
21
        PLEASE TAKE NOTICE that pursuant to Rule 26 of the Federal Rules of Civil
22
    Procedure, for Plaintiff Donovon Sellan, by and through its counsel, Corey W. Glave,
23
    Attorney at Law, will take the deposition upon oral examination of Defendant Tom
24
    Bakaly ("Deponent"). The Deposition will take place on April 5, 2017, at 9:30 a.m. at
25
    Sousa Court Reporters, located at 736 4th Street, Hermosa Beach, CA 90254. The
26
    deposition will be recorded by stenographic means, and may utilize instant-visual
27
    display of the testimony.
28

                                        1
                           NOTICE OF DEPOSITION
                    **LUSTIG DECLARATION EXHIBIT F - 18**

EXHIBIT
PENGAD 000-631-6989
125 Ramirez
5-16-17

1       Said deposition is being conducted pursuant to Rules 26 and 30 of the Federal

2 Rules of Civil Procedure, upon oral examination before a stenographic and video

3 means before an officer authorized to administer oaths and will continue from day to

4 day until completed. The deposition will be taken for the purposes of discovery, for use

5 at trial in this matter, and for any other purpose permitted under the Federal Rules of

6 Civil Procedure.

7       PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30 and 34 of the

8 Federal Rules of Civil Procedure, the deponent is to produce at the deposition the

9 documents identified in Exhibit A attached to this Notice.

10       NOTICE IS FURTHER GIVEN that Plaintiff, through his attorney of record,

11 intends to reserve the right to use at trial the audio and video recording of the

12 deposition testimony.

13

14 Dated: February 18, 2017       COREY W. GLAVE, ATTORNEY AT LAW

15                    /s/ Corey Glave

16             By_____

17                  Corey W. Glave,
                  Attorney for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION

**LUSTIG DECLARATION EXHIBIT F - 19**

EXHIBIT A-
Request for Documents from Sharon Papa (Set No. 1)

**DEFINITIONS**

A. The term "PERSON" includes without limitation any natural person, firm, association, partnership, corporation, or any other form of legal entity.

B. The terms "YOU" and "YOUR" mean Defendant Tom Bakaly, including each of his current and former agents, employees, attorneys, consultants, investigators, accountants, and all other persons acting on her behalf.

C. The term "PLAINTIFF" means Donovan Sellan

D. The term "COMMUNICATION" or "COMMUNICATIONS" means any transmission of information from one person to another, including without limitation by personal meeting, telephone, letter, telegraph, electronic mail ("e-mail"), electronic bulletin boards, electronic "chat rooms," and other similar forms of electronic correspondences, teleconference, facsimile, or telex.

E. The term "DOCUMENT" or "DOCUMENTS" shall, consistent with Rule 34(a) of the Federal Rules of Civil Procedure, mean all physical or "hard copy" documents, including, but not limited to, writings, drawings, graphs, charts, photographs, letters, files, memoranda, calendars, and reports.

E The term "ELECTRONICALLY STORED INFORMATION" shall mean native files (including all embedded files and metadata) of electronic data stored in any medium, including, but not limited to, electronic mail ("e-mail"), voicemail, word processing documents and spreadsheets, audio and video recordings, and any other electronically stored files regardless of the storage medium in which it resides, including, but not limited to, computer hard drives (for example, laptops, desktops, and servers), removable storage media (for example, tapes, disks, cards, and flash memory devices), PDAs, networked drives and optical storage devices such as CDs and DVDs. This definition includes information contained on backup tapes and all other recovery and archival systems. To the extent that YOU possess data in non-standard

3

1  formats (including legacy data), YOU shall translate such information into a reasonably
2  usable format and produce both the source non-translated data and the translated
3  version.

4  G. The term "RELATING TO" or "RELATE TO" means constituting, comprising,
5  pertaining to, referring to, recording, evidencing, containing, setting forth, reflecting,
6  showing, disclosing, describing, explaining, summarizing, supporting, contradicting,
7  refuting, or concerning, whether directly or indirectly.

8  H. The term "LAWSUIT" means the above-captioned action.

9                                        **INSTRUCTIONS**

10  A. Unless otherwise specified, the time period covered by each document
11  request is from January 1, 2012 to the present.

12  B. Each request contained herein extends to all documents in YOUR
13  possession, custody, or control.

14  C. These requests specifically require the production of all responsive
15  documents, including all responsive information that is stored electronically regardless
16  of the data storage medium or system on which the electronic data resides. These
17  requests thus should be understood to encompass, and the responses should
18  include, ELECTRONICALLY STORED INFORMATION.

19  D. All ELECTRONICALLY STORED INFORMATION that does not exist in a
20  standard file format shall be translated by YOU into a reasonably usable format. For
21  example, legacy data that can only be read by using obsolete hardware systems and
22  software shall be translated into contemporary formats.

23  E. To the extent that YOU contend that YOU need not provide discovery of
24  certain responsive ELECTRONICALLY STORED INFORMATION on the ground that
25  the information is not readily accessible, YOU shall identify with particularity: (i) the
26  information that is not reasonably accessible; (ii) the reasons why the information is not
27  reasonably accessible; and (iii) the precise burden and cost associated with production
28  of the information.

**LUSTIG DECLARATION EXHIBIT F - 21**

1    F.  YOU must identify, by category or type, any sources containing potentially

2    responsive ELECTRONICALLY STORED INFORMATION that YOU are not searching.

3    This identification should provide enough detail to enable PLAINTIFF to evaluate the

4    burdens and costs of providing the discovery and the likelihood of finding responsive

5    information on the identified sources.

6    G.  If YOU claim for any reason that certain electronic data sources need not be

7    searched or that data from certain sources need not be produced, YOU shall make

8    reasonable data samples available to PLAINTIFF'S counsel and provide access to the

9    data sources for testing and analysis at a time and in a manner that is convenient for

10   the parties.

11   H.  The identification obligations contained in Instructions M and N below do not

12   relieve YOU of any common law or statutory duty to preserve evidence in this

13   LAWSUIT. YOU should preserve all relevant and potentially relevant information

14   regardless of the source of that information.

15   I.  YOU shall take measures to ensure that any processes by which potentially

16   relevant information could be automatically deleted or overwritten shall be suspended

17   until such time as the parties have come to agreements regarding the treatment of such

18   automatic computer processes.

19   J.  YOU must not remove or degrade the ability of ELECTRONICALLY STORED

20   INFORMATION to be searched and must provide native text-searchable copies of

21   documents in the event that certain documents exist in both searchable and

22   non-searchable formats.

23   K.  If documents exist in both electronic and non-electronic form or if multiple

24   copies of the same document exist in the same form, YOU shall produce all copies and

25   may not selectively choose which format or version will be produced.

26   L.  To the extent that YOU contend that potentially relevant documents might

27   reside on dynamic databases or other non-static computer systems, YOU shall identify

28   all such databases or systems with specificity and identify the types of potentially

5

1 relevant documents that might reside on such databases or systems.

2   M.  If YOU assert any privilege in responding to any request, describe in detail in

3 each instance the type of privilege asserted, the basis for the assertion, all facts relied

4 upon in support of the claim of privilege or related thereto, and identify, to the fullest

5 extent short of waiver, all information as to which YOU claim a privilege.

6   N.  If privileged or protected information stored in electronic data is inadvertently

7 produced, YOU may by timely notice assert the privilege or protection and YOU may

8 obtain return of the materials without waiver. For this reason, YOU may not avoid or

9 delay production obligations based on blanket, non-specific assertions of privilege or

10 other protection.

11   0.  If, after making your initial production and inspection, YOU obtain or become

12 aware of any further DOCUMENTS or ELECTRONICALLY STORED INFORMATION

13 responsive to these requests, YOU are required to produce such additional documents

14 to PLAINTIFF'S counsel in this LAWSUIT pursuant to Rule 26(e) of the Federal Rules

15 of Civil Procedure.

16   P.  In construing any Request, the singular form of a word shall be interpreted as

17 plural and plural as singular as necessary to bring within the scope of the Request any

18 information or documents which might otherwise be construed to be outside its scope.

19   Q.  In construing any Request, whenever appropriate, "and" as well as "or" shall

20 be construed either disjunctively or conjunctively as necessary to bring within the scope

21 of the Request any information which might otherwise be construed to be outside its

22 scope; and "all" shall mean "any and all," unless the context requires otherwise.

23   R.  Each Request shall be construed independently and not with reference to

24 any other Request herein for purposes of limitation, unless a Request so specifies.

25

26   **DOCUMENTS TO BE PRODUCED FOR INSPECTION AND COPYING**

27   1.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

28 STORED INFORMATION between YOU and PLAINTIFF Donovan Sellan RELATING

6

1  TO PLAINTIFF Donovan Sellan's employment with the Hermosa Beach Police
2  Department
3      2.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
4  STORED INFORMATION between YOU, and Hermosa Beach Police Captain Milton
5  McKinnon RELATING TO PLAINTIFF Donovan Sellan's employment with the Hermosa
6  Beach Police Department.
7      3.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
8  STORED INFORMATION between YOU, and Hermosa Beach Police Lieutenant Garth
9  Gaines RELATING TO PLAINTIFF Donovan Sellan's employment with the Hermosa
10 Beach Police Department
11     4.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
12 STORED INFORMATION between YOU, and former Hermosa Beach Police Lieutenant
13 Thomas Thompson, currently in the possession and/or control of Sharon Papa,
14 RELATING TO PLAINTIFF Donovan Sellan's employment with the Hermosa Beach
15 Police Department.
16     5.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
17 STORED INFORMATION between YOU, and Hermosa Beach Police Lieutenant
18 Landon Phillips RELATING TO PLAINTIFF Donovan Sellan's employment with the
19 Hermosa Beach Police Department
20     6.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
21 STORED INFORMATION between YOU, and Hermosa Beach Police Sergeant Dorothy
22 Scheid RELATING TO PLAINTIFF Donovan Sellan's employment with the Hermosa
23 Beach Police Department.
24     7.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
25 STORED INFORMATION between DEFENDANT SHARON PAPA and Defendant Tom
26 Bakaly RELATING TO PLAINTIFF Donovan Sellan's employment with the Hermosa
27 Beach Police Department
28     8.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

7

LUSTIG DECLARATION EXHIBIT F - 24

1 | STORED INFORMATION between DEFENDANT SHARON PAPA and Defendant Tom
2 | Bakaly RELATING TO Hermosa Beach Police Officer Everett Faulk's employment with
3 | the Hermosa Beach Police Department

4 |        9.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
5 | STORED INFORMATION between YOU and Hermosa Beach Police Captain Milton
6 | McKinnon RELATING TO Hermosa Beach Police Officer Everett Faulk's employment
7 | with the Hermosa Beach Police Department.

8 |       10.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
9 | STORED INFORMATION between YOU and former Hermosa Beach Police Lieutenant
10 | Thomas Thompson Phillips RELATING TO Hermosa Beach Police Officer Everett
11 | Faulk's employment with the Hermosa Beach Police Department

12 |       11.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
13 | STORED INFORMATION between YOU and Hermosa Beach Police Lieutenant
14 | Landon Phillips RELATING TO Hermosa Beach Police Officer Everett Faulk's
15 | employment with the Hermosa Beach Police Department

16 |       12.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
17 | STORED INFORMATION between YOU and Hermosa Beach Police Lieutenant Garth
18 | Gaines RELATING TO Hermosa Beach Police Officer Everett Faulk's employment with
19 | the Hermosa Beach Police Department.

20 |       13.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
21 | STORED INFORMATION between YOU and DEFENDANT SHARON PAPA and any
22 | Hermosa Beach City Council Person and/or Mayor RELATING TO Hermosa Beach
23 | Police Officer Everett Faulk's employment with the Hermosa Beach Police Department.

24 |       14.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
25 | STORED INFORMATION between YOU and Defendant Sharon Papa RELATING TO
26 | Hermosa Beach Police Officer George Brunn's employment with the Hermosa Beach
27 | Police Department.

28 |       15.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

**LUSTIG DECLARATION EXHIBIT F - 25**

1  STORED INFORMATION between YOU and Defendant Sharon Papa RELATING TO
2  Hermosa Beach Police Sergeant Jaime Ramirez's employment with the Hermosa
3  Beach Police Department.

4      16.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
5  STORED INFORMATION between YOU and Defendant Sharon Papa RELATING TO
6  Hermosa Beach Police Officer Donovan Sellan employment with the Hermosa Beach
7  Police Department.

8      17.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
9  STORED INFORMATION between YOU and Defendant Sharon Papa RELATING TO
10  Hermosa Beach Police Officer Lance McColgan's employment with the Hermosa Beach
11  Police Department.

12      18.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
13  STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa
14  Beach Police Department's personnel file or files used for personnel purposes for
15  DEFENDANT TOM BAKALY.  This request seeks job applications, background
16  investigations, disciplinary files, internal investigation files, complaint files, supervisory
17  files, IA Pro data files, and files of administrative and/or criminal investigations
18  conducted by outside entities.

19      19.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
20  STORED INFORMATION identified by Defendants' Initial Disclosures Pursuant to
21  Federal Rules of Civil Procedure, Rule 26(A)(1).

22      20.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
23  STORED INFORMATION RELATING TO IA 15-001, maintained by the Hermosa
24  Beach Police Department.

25      21.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
26  STORED INFORMATION RELATING the 2015 Police Sergeant promotional list.

27      22.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
28  STORED INFORMATION RELATING the 2015 Police Sergeant promotional testing

**LUSTIG DECLARATION EXHIBIT F - 26**

process.

23.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATING the investigation completed by Los Angeles County Sheriff's Department into PLAINTIFF's allegations relating to Officer Faulk

24.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATING the investigation completed by the Hermosa Beach Police Department into any of PLAINTIFF's allegations relating to Officer Faulk, during the period of time that PLAINTIFF has been employed by the Hermosa Beach Police Department.

25.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATING the memorandum by Chief Papa to Officer Everett Faulk, dated November 18, 2014.

26.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATING the memorandum by Officer Everett Faulk to Chief Papa (and copied to Lt. Tom Thompson, re: "Incident regarding detective Sellen [sic]," dated December 18, 2014.

27.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATING the memorandum by Chief Papa to Officer Everett Faulk re: "Personnel Complaint, dated February 24, 2014.

28.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATING the investigation completed by Los Angeles County Sheriff's Department into PLAINTIFF's allegations relating to Officer Faulk

29.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATING to any and all reports, progress reports, updated reports, recommendations, and/or reviews conducted by the OIR Group regarding the 2013 Review of Hermosa Beach Police Department Internal Investigations and Review Process.

30.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

10

LUSTIG DECLARATION EXHIBIT F - 27

1   STORED INFORMATION RELATING to performance evaluations of PLAINTIFF during

2   his employment with the Hermosa Beach Police Department.

3       31.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION

4   RELATING to COMMUNICATIONS giving rise to Sharon Papa's March 22, 2016, letter

5   to Corey Glave regarding Donovan Sellan.

6       32.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

7   STORED INFORMATION RELATING to selection of officers for recruitment activities

8   on behalf of the Hermosa Beach Police Department (commonly referred to as

9   recruitment officers) in the years 2015, 2016, and 2017.

10      33.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

11  STORED INFORMATION RELATING to selection of officers for the "Citizen Academy"

12  (commonly referred to as Community Outreach Officer) in the years 2015, 2016, and

13  2017.

14      34.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

15  STORED INFORMATION RELATING to the meeting between SHARON PAPA, Lt.

16  Thompson, Officer Faulk and Donovan Sellan in 2015.

17      35.    All DOCUMENTS, and ELECTRONICALLY STORED INFORMATION

18  RELATING to COMMUNICATIONS between Sharon Papa and Tom Bakaly RELATING

19  TO administrative investigations of Hermosa Beach Police Officers for the period of Mr.

20  Bakaly's employment with the City of Hermosa Beach.

21      36.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

22  STORED INFORMATION RELATING to the placement of DOCUMENTS in the

23  personnel file and/or files used for personnel purposes of PLAINTIFF.  This request

24  includes, but is not limited to, all logs, IA PRO records, evidencing access to said files.

25

26  Dated: February 18, 2017   COREY W. GLAVE, ATTORNEY AT LAW

27                              /s/ Corey Glave

28                              By_____

11

NOTICE OF DEPOSITION

**LUSTIG DECLARATION EXHIBIT F - 28**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Corey W. Glave,
Attorney for Plaintiff

12

NOTICE OF DEPOSITION

**LUSTIG DECLARATION EXHIBIT F - 29**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF <u>LOS ANGELES</u>:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my address is 1042 2nd Street, Hermosa Beach, CA 90254

On February 18, 2017, I served the foregoing document described as

## NOTICE OF DEPOSITION

on the parties in this action by electronic service to:

Sarah R. Lustig
Liebert Cassidy Whitmore
6033 West Century Blvd, 5th Floor
Los Angeles, CA 90045
slustig@lcwlegal.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Said document was also served by electronic service on the person listed above, at the email address listed above.

Executed on February 18, 2017, at Hermosa Beach, California.

<u>X</u>   STATE     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Corey Glave

_____
Corey W. Glave

13

NOTICE OF DEPOSITION

**LUSTIG DECLARATION EXHIBIT F - 30**

COREY W. GLAVE (State Bar No. 164746)
Attorney at Law
1042 2nd Street
Hermosa Beach, CA 90254
Phone: (323) 547-0472
POAattorney@aol.com

Attorneys for Plaintiff
Donovan Sellan

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN

DONOVAN SELLAN
      Plaintiff,

vs.

CITY OF HERMOSA BEACH, a
Municipal Corporation; HERMOSA
BEACH POLICE DEPARTMENT, a
public safety department;  TOM
BAKALY, City Manager, in his official
and individual capacity; SHARON
PAPA, Chief of Police, in her official and
individual capacity; DOES I-X, inclusive

      Defendants.

Case No. 2:16-cv-07706-FMO-AS

PLAINTIFF DONOVAN SELLAN'S
REQUEST FOR PRODUCTION OF
DOCUMENTS BY CITY OF HERMOSA
BEACH

(Set No. 3 to City of Hermosa Beach)

PROPOUNDING PARTY:  Plaintiff Donovan Sellan

RESPONDING PARTY:     Defendant City of Hermosa Beach

SET NO.:                          Three

      Plaintiff Donovan Sellan herby requests that Defendant City of Hermosa Beach
respond to the following request for production of documents ("Requests") within thirty
(30) days after the Request are served pursuant to Federal Rule of Civil Procedure
("FRCP") Rule 34.  Plaintiff further demands that Plaintiff produce the documents and
tangible things called for in the Request, as set forth below, pursuant ot FRCP Rule 34,
by either placing true and correct copies of the docuemnts in the U.S. Mail addressed to
counsel for Plaintiff, or by producing true and correct copies at the residence/home

EXHIBIT

106 Ramirez
5-16-17

LUSTIG DECLARATION EXHIBIT F - 31

1 | office of Corey Glave, located at 1042 2nd Street, Hermosa Beach, California 90254.

2 | **DEFINITIONS**

3 | A. The term "PERSON" includes without limitation any natural person, firm,

4 | association, partnership, corporation, or any other form of legal entity.

5 | B. The terms "YOU" and "YOUR" mean CITY OF HERMOSA BEACH, including

6 | each of its current and former agents, employees, attorneys, consultants, investigators,

7 | accountants, and all other persons acting on its behalf.

8 | C. The term "PLAINTIFF" means Donovan Sellan

9 | D. The term "COMMUNICATION" or "COMMUNICATIONS" means any

10 | transmission of information from one person to another, including without limitation by

11 | personal meeting, telephone, letter, telegraph, electronic mail ("e-mail"), electronic

12 | bulletin boards, electronic "chat rooms," and other similar forms of electronic

13 | correspondences, teleconference, facsimile, or telex.

14 | E. The term "DOCUMENT" or "DOCUMENTS" shall, consistent with Rule 34(a)

15 | of the Federal Rules of Civil Procedure, mean all physical or "hard copy" documents,

16 | including, but not limited to, writings, drawings, graphs, charts, photographs, letters,

17 | files, memoranda, calendars, and reports.

18 | E The term "ELECTRONICALLY STORED INFORMATION" shall mean native

19 | files (including all embedded files and metadata) of electronic data stored in any

20 | medium, including, but not limited to, electronic mail ("e-mail"), voicemail, word

21 | processing documents and spreadsheets, audio and video recordings, and any other

22 | electronically stored files regardless of the storage medium in which it resides,

23 | including, but not limited to, computer hard drives (for example, laptops, desktops, and

24 | servers), removable storage media (for example, tapes, disks, cards, and flash memory

25 | devices), PDAs, networked drives and optical storage devices such as CDs and DVDs.

26 | This definition includes information contained on backup tapes and all other recovery

27 | and archival systems. To the extent that YOU possess data in non-standard

28 | formats (including legacy data), YOU shall translate such information into a reasonably

1  usable format and produce both the source non-translated data and the translated
2  version.

3       G. The term "RELATING TO" or "RELATE TO" means constituting, comprising,
4  pertaining to, referring to, recording, evidencing, containing, setting forth, reflecting,
5  showing, disclosing, describing, explaining, summarizing, supporting, contradicting,
6  refuting, or concerning, whether directly or indirectly.

7       H. The term "LAWSUIT" means the above-captioned action.

8       I.  The term "ANSWER" refers to Defendants' answer filed int his matter.

9                              **INSTRUCTIONS**

10      A. Unless otherwise specified, the time period covered by each document
11 request is from January 1, 2012 to the present.

12      B. Each request contained herein extends to all documents in YOUR
13 possession, custody, or control.

14      C. These requests specifically require the production of all responsive
15 documents, including all responsive information that is stored electronically regardless
16 of the data storage medium or system on which the electronic data resides. These
17 requests thus should be understood to encompass, and the responses should
18 include, ELECTRONICALLY STORED INFORMATION.

19      D. All ELECTRONICALLY STORED INFORMATION that does not exist in a
20 standard file format shall be translated by YOU into a reasonably usable format. For
21 example, legacy data that can only be read by using obsolete hardware systems and
22 software shall be translated into contemporary formats.

23      E.  To the extent that YOU contend that YOU need not provide discovery of
24 certain responsive ELECTRONICALLY STORED INFORMATION on the ground that
25 the information is not readily accessible, YOU shall identify with particularity: (i) the
26 information that is not reasonably accessible; (ii) the reasons why the information is not
27 reasonably accessible; and (iii) the precise burden and cost associated with production
28 of the information.

3

1   F.  YOU must identify, by category or type, any sources containing potentially

2   responsive ELECTRONICALLY STORED INFORMATION that YOU are not searching.

3   This identification should provide enough detail to enable PLAINTIFF to evaluate the

4   burdens and costs of providing the discovery and the likelihood of finding responsive

5   information on the identified sources.

6   G.  If YOU claim for any reason that certain electronic data sources need not be

7   searched or that data from certain sources need not be produced, YOU shall make

8   reasonable data samples available to PLAINTIFF'S counsel and provide access to the

9   data sources for testing and analysis at a time and in a manner that is convenient for

10  the parties.

11  H.  The identification obligations contained in Instructions M and N below do not

12  relieve YOU of any common law or statutory duty to preserve evidence in this

13  LAWSUIT. YOU should preserve all relevant and potentially relevant information

14  regardless of the source of that information.

15  I.  YOU shall take measures to ensure that any processes by which potentially

16  relevant information could be automatically deleted or overwritten shall be suspended

17  until such time as the parties have come to agreements regarding the treatment of such

18  automatic computer processes.

19  J.  YOU must not remove or degrade the ability of ELECTRONICALLY STORED

20  INFORMATION to be searched and must provide native text-searchable copies of

21  documents in the event that certain documents exist in both searchable and

22  non-searchable formats.

23  K.  If documents exist in both electronic and non-electronic form or if multiple

24  copies of the same document exist in the same form, YOU shall produce all copies and

25  may not selectively choose which format or version will be produced.

26  L.  To the extent that YOU contend that potentially relevant documents might

27  reside on dynamic databases or other non-static computer systems, YOU shall identify

28  all such databases or systems with specificity and identify the types of potentially

4

1    relevant documents that might reside on such databases or systems.

2        M.  If YOU assert any privilege in responding to any request, describe in detail in

3    each instance the type of privilege asserted, the basis for the assertion, all facts relied

4    upon in support of the claim of privilege or related thereto, and identify, to the fullest

5    extent short of waiver, all information as to which YOU claim a privilege.

6        N.  If privileged or protected information stored in electronic data is inadvertently

7    produced, YOU may by timely notice assert the privilege or protection and YOU may

8    obtain return of the materials without waiver. For this reason, YOU may not avoid or

9    delay production obligations based on blanket, non-specific assertions of privilege or

10   other protection.

11       0.  If, after making your initial production and inspection, YOU obtain or become

12   aware of any further DOCUMENTS or ELECTRONICALLY STORED INFORMATION

13   responsive to these requests, YOU are required to produce such additional documents

14   to PLAINTIFF'S counsel in this LAWSUIT pursuant to Rule 26(e) of the Federal Rules

15   of Civil Procedure.

16       P.  In construing any Request, the singular form of a word shall be interpreted as

17   plural and plural as singular as necessary to bring within the scope of the Request any

18   information or documents which might otherwise be construed to be outside its scope.

19       Q.  In construing any Request, whenever appropriate, "and" as well as "or" shall

20   be construed either disjunctively or conjunctively as necessary to bring within the scope

21   of the Request any information which might otherwise be construed to be outside its

22   scope; and "all" shall mean "any and all," unless the context requires otherwise.

23       R.  Each Request shall be construed independently and not with reference to

24   any other Request herein for purposes of limitation, unless a Request so specifies.

25

26   **DOCUMENTS TO BE PRODUCED FOR INSPECTION AND COPYING**

27       1.      All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

28   STORED INFORMATION between PLAINTIFF Donovan Sellan, and DEFENDANT

5

**LUSTIG DECLARATION EXHIBIT F - 35**

1   Sharon Papa RELATING TO PLAINTIFF Donovan Sellan's employment with the

2   Hermosa Beach Police Department

3       2.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

4   STORED INFORMATION between PLAINTIFF Donovan Sellan, and Hermosa Beach

5   Police Captain Milton McKinnon RELATING TO PLAINTIFF Donovan Sellan's

6   employment with the Hermosa Beach Police Department.

7       3.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

8   STORED INFORMATION between PLAINTIFF Donovan Sellan, and Hermosa Beach

9   Police Lieutenant Garth Gaines RELATING TO PLAINTIFF Donovan Sellan's

10  employment with the Hermosa Beach Police Department

11      4.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

12  STORED INFORMATION between PLAINTIFF Donovan Sellan, and former Hermosa

13  Beach Police Lieutenant Thomas Thompson, currently in the possession and/or control

14  of Sharon Papa, RELATING TO PLAINTIFF Donovan Sellan's employment with the

15  Hermosa Beach Police Department.

16      5.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

17  STORED INFORMATION between PLAINTIFF Donovan Sellan, and Hermosa Beach

18  Police Lieutenant Landon Phillips RELATING TO PLAINTIFF Donovan Sellan's

19  employment with the Hermosa Beach Police Department

20      6.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

21  STORED INFORMATION between PLAINTIFF Donovan Sellan, and Hermosa Beach

22  Police Sergeant Dorothy Scheid RELATING TO PLAINTIFF Donovan Sellan's

23  employment with the Hermosa Beach Police Department.

24      7.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

25  STORED INFORMATION between DEFENDANT SHARON PAPA and Defendant Tom

26  Bakaly RELATING TO PLAINTIFF Donovan Sellan's employment with the Hermosa

27  Beach Police Department

28      8.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

1   STORED INFORMATION between DEFENDANT SHARON PAPA and Hermosa Beach

2   Police Captain Milton McKinnon RELATING TO PLAINTIFF Donovan Sellan's

3   employment with the Hermosa Beach Police Department.

4          9.      All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

5   STORED INFORMATION between DEFENDANT SHARON PAPA and former Hermosa

6   Beach Police Lieutenant Thomas Thompson Phillips RELATING TO PLAINTIFF

7   Donovan Sellan's employment with the Hermosa Beach Police Department

8          10.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

9   STORED INFORMATION between DEFENDANT SHARON PAPA and Hermosa Beach

10  Police Lieutenant Landon Phillips RELATING TO PLAINTIFF Donovan Sellan's

11  employment with the Hermosa Beach Police Department

12         11.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

13  STORED INFORMATION between DEFENDANT SHARON PAPA and Hermosa Beach

14  Police Lieutenant Garth Gaines RELATING TO PLAINTIFF Donovan Sellan's

15  employment with the Hermosa Beach Police Department.

16         12.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

17  STORED INFORMATION between DEFENDANT SHARON PAPA and Hermosa Beach

18  Police Sergeant Dorothy Scheid RELATING TO PLAINTIFF Donovan Sellan's

19  employment with the Hermosa Beach Police Department

20         13.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

21  STORED INFORMATION between DEFENDANT SHARON PAPA and any Hermosa

22  Beach City Council Person and/or Mayor RELATING TO PLAINTIFF Donovan Sellan's

23  employment with the Hermosa Beach Police Department.

24         14.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

25  STORED INFORMATION between DEFENDANT SHARON PAPA and Defendant Tom

26  Bakaly RELATING TO Hermosa Beach Police Officer Everett Faulk's employment with

27  the Hermosa Beach Police Department

28         15.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

1   STORED INFORMATION between DEFENDANT SHARON PAPA and Hermosa Beach

2   Police Captain Milton McKinnon RELATING TO Hermosa Beach Police Officer Everett

3   Faulk's employment with the Hermosa Beach Police Department.

4        16.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

5   STORED INFORMATION between DEFENDANT SHARON PAPA and former Hermosa

6   Beach Police Lieutenant Thomas Thompson Phillips RELATING TO Hermosa Beach

7   Police Officer Everett Faulk's employment with the Hermosa Beach Police Department

8        17.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

9   STORED INFORMATION between DEFENDANT SHARON PAPA and Hermosa Beach

10  Police Lieutenant Landon Phillips RELATING TO Hermosa Beach Police Officer Everett

11  Faulk's employment with the Hermosa Beach Police Department

12       18.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

13  STORED INFORMATION between DEFENDANT SHARON PAPA and Hermosa Beach

14  Police Lieutenant Garth Gaines RELATING TO Hermosa Beach Police Officer Everett

15  Faulk's employment with the Hermosa Beach Police Department.

16       19.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

17  STORED INFORMATION between DEFENDANT SHARON PAPA and Hermosa Beach

18  Police Sergeant Dorothy Scheid RELATING TO Hermosa Beach Police Officer Everett

19  Faulk's employment with the Hermosa Beach Police Department

20       20.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

21  STORED INFORMATION between DEFENDANT SHARON PAPA and any Hermosa

22  Beach City Council Person and/or Mayor RELATING TO Hermosa Beach Police Officer

23  Everett Faulk's employment with the Hermosa Beach Police Department.

24       21.     All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

25  STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa

26  Beach Police Department's personnel file or files used for personnel purposes for

27  DEFENDANT SHARON PAPA.  This request seeks job applications, background

28  investigations, promotional files, disciplinary files, internal investigation files, complaint

1 files, supervisory files, IA Pro data files, and files of administrative and/or criminal

2 investigations conducted by outside entities.

3     22.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

4 STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa

5 Beach Police Department's personnel file or files used for personnel purposes for

6 DEFENDANT TOM BAKALY.  This request seeks job applications, background

7 investigations, disciplinary files, internal investigation files, complaint files, supervisory

8 files, IA Pro data files, and files of administrative and/or criminal investigations

9 conducted by outside entities.

10     23.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

11 STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa

12 Beach Police Department's personnel file or files used for personnel purposes for

13 Hermosa Beach Police Captain Milton McKinnon.  This request seeks job applications,

14 background investigations, promotional files, disciplinary files, internal investigation

15 files, complaint files, supervisory files, IA Pro data files, and files of administrative

16 and/or criminal investigations conducted by outside entities.

17     24.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

18 STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa

19 Beach Police Department's personnel file or files used for personnel purposes for

20 Hermosa Beach Police Lieutenant Landon Phillips.  This request seeks job

21 applications, background investigations, promotional files, disciplinary files, internal

22 investigation files, complaint files, supervisory files, IA Pro data files, and files of

23 administrative and/or criminal investigations conducted by outside entities.

24     25.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

25 STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa

26 Beach Police Department's personnel file or files used for personnel purposes for

27 former Hermosa Beach Police Lieutenant Thomas Thompson.  This request seeks job

28 applications, background investigations, promotional files, disciplinary files, internal

9

1 │ investigation files, complaint files, supervisory files, IA Pro data files, and files of

2 │ administrative and/or criminal investigations conducted by outside entities.

3 │     26.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

4 │ STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa

5 │ Beach Police Department's personnel file or files used for personnel purposes for

6 │ Hermosa Beach Police Officer Everett Faulk.  This request seeks job applications,

7 │ background investigations, promotional files, disciplinary files, internal investigation

8 │ files, complaint files, supervisory files, IA Pro data files, and files of administrative

9 │ and/or criminal investigations conducted by outside entities.

10 │     27.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

11 │ STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa

12 │ Beach Police Department's personnel file or files used for personnel purposes for

13 │ Hermosa Beach Police Officer Donovan Sellan.  This request seeks job applications,

14 │ background investigations, promotional files, disciplinary files, internal investigation

15 │ files, complaint files, supervisory files, IA Pro data files, and files of administrative

16 │ and/or criminal investigations conducted by outside entities.

17 │     28.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

18 │ STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa

19 │ Beach Police Department's personnel file or files used for personnel purposes for

20 │ Hermosa Beach Police Sergeant GerritT Poelstra.  This request seeks job applications,

21 │ background investigations, promotional files, disciplinary files, internal investigation

22 │ files, complaint files, supervisory files, IA Pro data files, and files of administrative

23 │ and/or criminal investigations conducted by outside entities.

24 │     29.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

25 │ STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa

26 │ Beach Police Department's personnel file or files used for personnel purposes for

27 │ Hermosa Beach Police Sergeant Chris Alkadis.  This request seeks job applications,

28 │ background investigations, promotional files, disciplinary files, internal investigation

**LUSTIG DECLARATION EXHIBIT F - 40**

1  files, complaint files, supervisory files, IA Pro data files, and files of administrative

2  and/or criminal investigations conducted by outside entities.

3       30.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

4  STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa

5  Beach Police Department's personnel file or files used for personnel purposes for

6  Hermosa Beach Police Sergeant Mik Gaglia. This request seeks job applications,

7  background investigations, promotional files, disciplinary files, internal investigation

8  files, complaint files, supervisory files, IA Pro data files, and files of administrative

9  and/or criminal investigations conducted by outside entities.

10       31.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

11  STORED INFORMATION that constitute the City of Hermosa Beach and/or Hermosa

12  Beach Police Department's personnel file or files used for personnel purposes for

13  Hermosa Beach Police Officer Elaina Hassan. This request seeks job applications,

14  background investigations, promotional files, disciplinary files, internal investigation

15  files, complaint files, supervisory files, IA Pro data files, and files of administrative

16  and/or criminal investigations conducted by outside entities.

17       32.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

18  STORED INFORMATION identified by Defendants' Initial Disclosures Pursuant to

19  Federal Rules of Civil Procedure, Rule 26(A)(1).

20       33.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

21  STORED INFORMATION RELATING TO IA 15-001, maintained by the Hermosa

22  Beach Police Department.

23       34.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

24  STORED INFORMATION RELATING the 2015 Police Sergeant promotional list.

25       35.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

26  STORED INFORMATION RELATING the 2015 Police Sergeant promotional testing

27  process.

28       36.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

1  STORED INFORMATION RELATING the investigation completed by Los Angeles
2  County Sheriff's Department into PLAINTIFF's allegations relating to Officer Faulk
3       37.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
4  STORED INFORMATION RELATING the investigation completed by the Hermosa
5  Beach Police Department into any of PLAINTIFF's allegations relating to Officer Faulk,
6  during the period of time that PLAINTIFF has been employed by the Hermosa Beach
7  Police Department.
8       38.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
9  STORED INFORMATION RELATING the memorandum by Chief Papa to Officer
10  Everett Faulk, dated November 18, 2014.
11      39.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
12  STORED INFORMATION RELATING the memorandum by Officer Everett Faulk to
13  Chief Papa (and copied to Lt. Tom Thompson, re: "Incident regarding detective Sellen
14  [sic]," dated December 18, 2014.
15      40.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
16  STORED INFORMATION RELATING the memorandum by Chief Papa to Officer
17  Everett Faulk re: "Personnel Complaint, dated February 24, 2014.
18      41.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
19  STORED INFORMATION RELATING the investigation completed by Los Angeles
20  County Sheriff's Department into PLAINTIFF's allegations relating to Officer Faulk
21      42.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
22  STORED INFORMATION RELATING to any and all reports, progress reports, updated
23  reports, recommendations, and/or reviews conducted by the OIR Group regarding the
24  2013 Review of Hermosa Beach Police Department Internal Investigations and Review
25  Process.
26      43.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION
27  RELATING to COMMUNICATIONS between the United States Drug Enforcement
28  Agency (including, but not limited to James McNamee) and the Hermosa Beach Police

1  Department (including former Lt. Thomas Thompson, Captain Milton McKinnon and/or

2  SHARON PAPA) RELATING TO Donovan Sellan.

3      44.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION

4  RELATING to COMMUNICATIONS between the United States Drug Enforcement

5  Agency (including, but not limited to, John Eric Neal) and the Hermosa Beach Police

6  Department (including former Lt. Thomas Thompson, Captain Milton McKinnon, and/or

7  SHARON PAPA) RELATING TO Everett Faulk.

8      45.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION

9  RELATING to COMMUNICATIONS between the Los Angeles County District Attorney's

10  Office (and any prosecutor employed by said office) and the Hermosa Beach Police

11  Department (including former Lt. Thomas Thompson and Captain Milton McKinnon)

12  RELATING TO Everett Faulk.

13      46.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

14  STORED INFORMATION RELATING to performance evaluations of PLAINTIFF during

15  his employment with the Hermosa Beach Police Department.

16      47.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION

17  RELATING to COMMUNICATIONS giving rise to Sharon Papa's March 22, 2016, letter

18  to Corey Glave regarding Donovan Sellan.

19      48.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

20  STORED INFORMATION RELATING to selection of officers for recruitment activities

21  on behalf of the Hermosa Beach Police Department (commonly referred to as

22  recruitment officers) in the years 2015, 2016, and 2017.

23      49.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

24  STORED INFORMATION RELATING to selection of officers for the "Citizen Academy"

25  (commonly referred to as Community Outreach Officer)recruitment activities on behalf

26  of the Hermosa Beach Police Department (commonly referred to as recruitment

27  officers) in the years 2015, 2016, and 2017.

28

Request for Production of Documents

**LUSTIG DECLARATION EXHIBIT F - 43**

1   COMMUNICATIONS between the United States Drug Enforcement Agency and the

2   Hermosa Beach Police Department (including former Lt. Thomas Thompson and

3   Captain Milton McKinnon) RELATING TO Everett Faulk.

4       50.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

5   STORED INFORMATION RELATING to performance evaluations of PLAINTIFF during

6   his employment with the Hermosa Beach Police Department.

7       51.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

8   STORED INFORMATION RELATING to the meeting between SHARON PAPA, Lt.

9   Thompson, Officer Faulk and Donovan Sellan in 2015.

10      52.    All DOCUMENTS, and ELECTRONICALLY STORED INFORMATION

11  RELATING to COMMUNICATIONS RELATING TO the delay in determining findings in

12  administrative investigations of Hermosa Beach Police Officers for the period of Captain

13  McKinnon's employment with the City of Hermosa Beach.

14      53.    All DOCUMENTS, and ELECTRONICALLY STORED INFORMATION

15  RELATING to COMMUNICATIONS RELATING TO the placement of documents in

16  police officers' files without the knowledge of the  involved officer(s) for the period of

17  Captain McKinnon's employment with the City of Hermosa Beach.

18      54.    All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY

19  STORED INFORMATION RELATING to the placement of DOCUMENTS in the

20  personnel file and/or files used for personnel purposes of PLAINTIFF.  This request

21  includes, but is not limited to, all logs, IA PRO records, evidencing access to said files.

22      55.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

23  support your First Affirmative Defense, as pled in YOUR ANSWER

24      56.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

25  support your Second Affirmative Defense, as pled in YOUR ANSWER

26      57.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

27  support your Third Affirmative Defense, as pled in YOUR ANSWER

28      58.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

**LUSTIG DECLARATION EXHIBIT F - 44**

1  support your Fourth Affirmative Defense, as pled in YOUR ANSWER

2      59.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

3  support your Fifth Affirmative Defense, as pled in YOUR ANSWER

4      60.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

5  support your Sixth Affirmative Defense, as pled in YOUR ANSWER

6      61.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

7  support your Eighth Affirmative Defense, as pled in YOUR ANSWER

8      62.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

9  support your Ninth Affirmative Defense, as pled in YOUR ANSWER

10     63.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

11 support your Tenth Affirmative Defense, as pled in YOUR ANSWER

12     64.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

13 support your Eleventh Affirmative Defense, as pled in YOUR ANSWER

14     65.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

15 support your Twelfth Affirmative Defense, as pled in YOUR ANSWER

16     66.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

17 support your Thirteenth Affirmative Defense, as pled in YOUR ANSWER

18     67.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

19 support your Fourteenth Affirmative Defense, as pled in YOUR ANSWER

20     68.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

21 support your Fifteenth Affirmative Defense, as pled in YOUR ANSWER

22     69.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

23 support your Sixteenth Affirmative Defense, as pled in YOUR ANSWER

24     70.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

25 support your Seventeenth Affirmative Defense, as pled in YOUR ANSWER

26     71.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

27 support your Eighteenth Affirmative Defense, as pled in YOUR ANSWER

28     72.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

1 | support your Nineteenth Affirmative Defense, as pled in YOUR ANSWER

2 |     73.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

3 | support your Twentieth Affirmative Defense, as pled in YOUR ANSWER

4 |     74.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

5 | support your Twenty-First Affirmative Defense, as pled in YOUR ANSWER

6 |     75.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

7 | support your Twenty Second Affirmative Defense, as pled in YOUR ANSWER

8 |     76.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

9 | support your Twenty Third Affirmative Defense, as pled in YOUR ANSWER

10 |     77.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

11 | support your Twenty-Fourth Affirmative Defense, as pled in YOUR ANSWER

12 |     78.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

13 | support your Twenty-Fifth Affirmative Defense, as pled in YOUR ANSWER

14 |     79.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

15 | support your Twenty-Sixth Affirmative Defense, as pled in YOUR ANSWER

16 |     80.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

17 | support your Twenty-Seventh Affirmative Defense, as pled in YOUR ANSWER

18 |     81.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

19 | support your denial set forth in paragraph 1 of YOUR ANSWER.

20 |     82.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

21 | support your denial set forth in paragraph 2 of YOUR ANSWER

22 |     83.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

23 | support your denial set forth in paragraph 3 of YOUR ANSWER

24 |     84.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

25 | support your denial set forth in paragraph 4 of YOUR ANSWER

26 |     85.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

27 | support your denial set forth in paragraph 5 of YOUR ANSWER

28 |     86.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

1  support your denial set forth in paragraph 6 of YOUR ANSWER

2      87.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

3  support your denial set forth in paragraph 7 of YOUR ANSWER

4      88.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

5  support your denial set forth in paragraph 8 of YOUR ANSWER

6      89.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

7  support your denial set forth in paragraph 9 of YOUR ANSWER

8      90.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

9  support your denial set forth in paragraph 10 of YOUR ANSWER

10     91.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

11  support your denial set forth in paragraph 11 of YOUR ANSWER

12     92.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

13  support your denial set forth in paragraph 12 of YOUR ANSWER

14     93.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

15  support your denial set forth in paragraph 13 of YOUR ANSWER

16     94.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

17  support your denial set forth in paragraph 14 of YOUR ANSWER

18     95.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

19  support your denial set forth in paragraph 15 of YOUR ANSWER

20     96.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

21  support your denial set forth in paragraph 16 of YOUR ANSWER

22     97.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

23  support your denial set forth in paragraph 17 of YOUR ANSWER

24     98.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

25  support your denial set forth in paragraph 18 of YOUR ANSWER

26     99.    All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

27  support your denial set forth in paragraph 19 of YOUR ANSWER

28     100.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

1  support your denial set forth in paragraph 20 of YOUR ANSWER

2      101.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

3  support your denial set forth in paragraph 21 of YOUR ANSWER

4      102.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

5  support your denial set forth in paragraph 22 of YOUR ANSWER

6      103.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

7  support your denial set forth in paragraph 23 of YOUR ANSWER

8      104.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

9  support your denial set forth in paragraph 24 of YOUR ANSWER

10      105.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

11  support your denial set forth in paragraph 25 of YOUR ANSWER

12      106.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

13  support your denial set forth in paragraph 26 of YOUR ANSWER

14      107.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

15  support your denial set forth in paragraph 27 of YOUR ANSWER

16      108.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

17  support your denial set forth in paragraph 28 of YOUR ANSWER

18      109.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

19  support your denial set forth in paragraph 29 of YOUR ANSWER

20      110.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

21  support your denial set forth in paragraph 30 of YOUR ANSWER

22      111.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

23  support your denial set forth in paragraph 31 of YOUR ANSWER

24      112.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

25  support your denial set forth in paragraph 32 of YOUR ANSWER

26      113.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

27  support your denial set forth in paragraph 331 of YOUR ANSWER

28      114.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

LUSTIG DECLARATION EXHIBIT F - 48

1  support your denial set forth in paragraph 34 of YOUR ANSWER

2      115.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

3  support your denial set forth in paragraph 35 of YOUR ANSWER

4      116.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

5  support your denial set forth in paragraph 36 of YOUR ANSWER

6      117.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

7  support your denial set forth in paragraph 37 of YOUR ANSWER

8      118.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

9  support your denial set forth in paragraph 38 of YOUR ANSWER

10      119.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

11  support your denial set forth in paragraph 39 of YOUR ANSWER

12      120.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

13  support your denial set forth in paragraph 40 of YOUR ANSWER

14      121.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

15  support your denial set forth in paragraph 41 of YOUR ANSWER

16      122.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

17  support your denial set forth in paragraph 42 of YOUR ANSWER

18      123.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

19  support your denial set forth in paragraph 43 of YOUR ANSWER

20      124.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

21  support your denial set forth in paragraph 44 of YOUR ANSWER

22      125.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

23  support your denial set forth in paragraph 45 of YOUR ANSWER

24      126.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

25  support your denial set forth in paragraph 46 of YOUR ANSWER

26      127.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

27  support your denial set forth in paragraph 47 of YOUR ANSWER

28      128.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

1  support your denial set forth in paragraph 48 of YOUR ANSWER

2      129.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

3  support your denial set forth in paragraph 49 of YOUR ANSWER

4      130.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

5  support your denial set forth in paragraph 50 of YOUR ANSWER

6      131.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

7  support your denial set forth in paragraph 51 of YOUR ANSWER

8      132.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

9  support your denial set forth in paragraph 52 of YOUR ANSWER

10      133.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

11  support your denial set forth in paragraph 53 of YOUR ANSWER

12      134.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

13  support your denial set forth in paragraph 54 of YOUR ANSWER

14      135.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

15  support your denial set forth in paragraph 55 of YOUR ANSWER

16      136.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

17  support your denial set forth in paragraph 56 of YOUR ANSWER

18      137.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

19  support your denial set forth in paragraph 57 of YOUR ANSWER

20      138.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

21  support your denial set forth in paragraph 58 of YOUR ANSWER

22      139.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

23  support your denial set forth in paragraph 59 of YOUR ANSWER

24      140.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

25  support your denial set forth in paragraph 60 of YOUR ANSWER

26      141.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

27  support your denial set forth in paragraph 61 of YOUR ANSWER

28      142.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

**LUSTIG DECLARATION EXHIBIT F - 50**

1  support your denial set forth in paragraph 62 of YOUR ANSWER

2      143.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

3  support your denial set forth in paragraph 63 of YOUR ANSWER

4      144.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

5  support your denial set forth in paragraph 64 of YOUR ANSWER

6      145.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

7  support your denial set forth in paragraph 65 of YOUR ANSWER

8      146.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

9  support your denial set forth in paragraph 66 of YOUR ANSWER

10     147.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

11  support your denial set forth in paragraph 67 of YOUR ANSWER

12     148.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

13  support your denial set forth in paragraph 68 of YOUR ANSWER

14     149.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

15  support your denial set forth in paragraph 69 of YOUR ANSWER

16     150.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

17  support your denial set forth in paragraph 70 of YOUR ANSWER

18     151.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

19  support your denial set forth in paragraph 71 of YOUR ANSWER

20     152.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

21  support your denial set forth in paragraph 72 of YOUR ANSWER

22     153.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

23  support your denial set forth in paragraph 73 of YOUR ANSWER

24     154.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

25  support your denial set forth in paragraph 74 of YOUR ANSWER

26     155.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to

27  support your denial set forth in paragraph 75 of YOUR ANSWER

28

Request for Production of Documents

**LUSTIG DECLARATION EXHIBIT F - 51**

156.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 76 of YOUR ANSWER

157.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 77 of YOUR ANSWER

158.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 78 of YOUR ANSWER

159.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 79 of YOUR ANSWER

160.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 80 of YOUR ANSWER

161.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 81 of YOUR ANSWER

162.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 82 of YOUR ANSWER

163.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 83 of YOUR ANSWER

164.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 84 of YOUR ANSWER

165.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 85 of YOUR ANSWER

166.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 86 of YOUR ANSWER

167.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 87 of YOUR ANSWER

168.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 88 of YOUR ANSWER

169.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 88 of YOUR ANSWER

1    170.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
2    support your denial set forth in paragraph 89 of YOUR ANSWER

3    171.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
4    support your denial set forth in paragraph 90 of YOUR ANSWER

5    172.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
6    support your denial set forth in paragraph 91 of YOUR ANSWER

7    173.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
8    support your denial set forth in paragraph 92 of YOUR ANSWER

9    174.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
10   support your denial set forth in paragraph 93 of YOUR ANSWER

11   175.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
12   support your denial set forth in paragraph 94 of YOUR ANSWER

13   176.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
14   support your denial set forth in paragraph 95 of YOUR ANSWER

15   177.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
16   support your denial set forth in paragraph 96 of YOUR ANSWER

17   178.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
18   support your denial set forth in paragraph 97 of YOUR ANSWER

19   179.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
20   support your denial set forth in paragraph 98 of YOUR ANSWER

21   180.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
22   support your denial set forth in paragraph 99 of YOUR ANSWER

23   181.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
24   support your denial set forth in paragraph 100 of YOUR ANSWER

25   182.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
26   support your denial set forth in paragraph 101 of YOUR ANSWER

27   183.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
28   support your denial set forth in paragraph 102 of YOUR ANSWER

**LUSTIG DECLARATION EXHIBIT F - 53**

1    184.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
2    support your denial set forth in paragraph 103 of YOUR ANSWER
3    185.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
4    support your denial set forth in paragraph 104 of YOUR ANSWER
5    186.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
6    support your denial set forth in paragraph 105 of YOUR ANSWER
7    187.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
8    support your denial set forth in paragraph 106 of YOUR ANSWER
9    188.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
10   support your denial set forth in paragraph 107 of YOUR ANSWER
11   189.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
12   support your denial set forth in paragraph 108 of YOUR ANSWER
13   190.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
14   support your denial set forth in paragraph 109 of YOUR ANSWER
15   191.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
16   support your denial set forth in paragraph 110 of YOUR ANSWER
17   192.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
18   support your denial set forth in paragraph 111 of YOUR ANSWER
19   193.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
20   support your denial set forth in paragraph 112 of YOUR ANSWER
21   194.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
22   support your denial set forth in paragraph 113 of YOUR ANSWER
23   195.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
24   support your denial set forth in paragraph 114 of YOUR ANSWER
25   196.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
26   support your denial set forth in paragraph 115 of YOUR ANSWER
27   197.  All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to
28   support your denial set forth in paragraph 116 of YOUR ANSWER

24

198.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 117 of YOUR ANSWER

199.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 118 of YOUR ANSWER

200.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 119 of YOUR ANSWER

201.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 120 of YOUR ANSWER

202.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 121 of YOUR ANSWER

203.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 122 of YOUR ANSWER

204.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 123 of YOUR ANSWER

205.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 124 of YOUR ANSWER

206.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 125 of YOUR ANSWER

207.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 126 of YOUR ANSWER

208.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 127 of YOUR ANSWER

209.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 128 of YOUR ANSWER

210.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 129 of YOUR ANSWER

211.   All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 130 of YOUR ANSWER

212. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 131 of YOUR ANSWER

213. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 132 of YOUR ANSWER

214. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 133 of YOUR ANSWER

215. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 134 of YOUR ANSWER

216. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION to support your denial set forth in paragraph 135 of YOUR ANSWER

217. All COMMUNICATIONS between YOU and any PERSON or witness, including PLAINTIFF concerning ANY allegation contained in the COMPLAINT.

218. All DOCUMENTS, COMMUNICATION and ELECTRONICALLY STORED INFORMATION RELATED TO any interaction(s) between PLAINTIFF and Monica Bagnara.

219. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED to PLAINTIFF bringing allegations of criminal misconduct against another officer in 2010, which were investigated and determined to be unfounded, as alleged in paragraph 3 of YOUR ANSWER.

220. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED to PLAINTIFF bringing allegations of criminal misconduct against another officer in 2013 as alleged in paragraph 3 of YOUR ANSWER.

221. All DOCUMENTS and ELECTRONICALLY STORED INFORMATION RELATED to forfeiture revenues paid to the City of Hermosa Beach based on PLAINTIFF's work/investigations.

222. All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATED to allegations Everett Faulk was provided handguns unlawfully.

223.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATED to allegations Everett Faulk associated with known motorcycle gang members.

224.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATED to the sergeant promotion examination results, that gives rise to this action.

225.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATED to any and all e-mails received by Tom Bakaly from PLAINTIFF.

226.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATED to team-building workshops for members of the Hermosa Beach Police Department for the years of 2014, 2015, 2016, and 2017.

227.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATED to DEFENDANT's denial that Chief Sharon Papa indicated that she was going to extend the sergeant's promotion list.

228.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATED to any and all documents placed in Hermosa Beach Police Officer's personnel file, Internal Affairs files, and or files used for personnel purposes for the years 2015, 2016, and 2017.

229.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by the City of Hermosa Beach.

230.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by the Hermosa Beach Police Department.

231.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by Sharon Papa.

27

232.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by
Police Captain Milton McKinnon.

233.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by
Police Lieutenant Garth Gaines.

234.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by
former Police Lieutenant Thomas Thompson, as in the possession and/or control of
DEFENDANT.

235.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by
Hermosa Beach Police Lieutenant Landon Phillips.

236.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by
Hermosa Beach Police Sergeant Dorothy Scheid.

237.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by
Hermosa Beach Police Sergeant Mick Gaglia.

238.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by
Chief Sharon Papa's secretary Sharon Stine.

239.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by
Monica Bagnara.

240.   All DOCUMENTS, COMMUNICATIONS and ELECTRONICALLY
STORED INFORMATION RELATED to PLAINTIFF'S employment as maintained by
Hermosa Beach Police Sergeant Chris Alkadis.

1   Dated: February 18, 2017   COREY W. GLAVE, ATTORNEY AT LAW

2

3                                      /s/ Corey Glave

4                      By_____

                              Corey W. Glave,
                              Attorney for Plaintiff

29

**PROOF OF SERVICE**

1

2   STATE OF CALIFORNIA, COUNTY OF <u>LOS ANGELES</u>:

3        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my address is 1042 2nd Street, Hermosa

4   Beach, CA 90254

5        On February 18, 2017, I served the foregoing document described as

6              REQUEST FOR PRODUCTION OF DOCUMENTS

7   on the parties in this action by electronic service to:

8        Sarah R. Lustig
         Liebert Cassidy Whitmore
9        6033 West Century Blvd, 5th Floor
         Los Angeles, CA 90045
10       slustig@lcwlegal.com

11       I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal

12   service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served,

13   service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15       Said document was also served by electronic service on the person listed above, at the email address listed above.

16       Executed on February 18, 2017, at Hermosa Beach, California.

17   <u>X</u>    STATE      I declare under penalty of perjury under the laws of the State of
                            California that the above is true and correct.

18

19                                          /s/ Corey Glave

20                                    _____
                                         Corey W. Glave

21

22

23

24

25

26

27

28

30

**LUSTIG DECLARATION EXHIBIT F - 60**