COREY W. GLAVE (State Bar No. 164746)
Attorney at Law
1042 2nd Street
Hermosa Beach, CA 90254
Phone: (323) 547-0472
POAattorney@aol.com

Attorneys for Plaintiff
Donovan Sellan

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN

| | |
|---|---|
| DONOVAN SELLAN<br>        Plaintiff,<br><br>vs.<br><br>CITY OF HERMOSA BEACH, a Municipal Corporation; HERMOSA BEACH POLICE DEPARTMENT, a public safety department; TOM BAKALY, City Manager, in his official and individual capacity; SHARON PAPA, Chief of Police, in her official and individual capacity; DOES I-X, inclusive<br><br>        Defendants. | Case No. 2:16-cv-07706-FMO-AS<br><br>DECLARATION OF DONAVAN SELLAN IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL<br><br>Date:    October 5, 2017<br>Time:    10:00 a.m.<br>Place:   Courtroom 6-D |

**DECLARATION OF DONAVAN SELLAN**

I, DONAVAN SELLAN, declare as follows:

1.  I am the Plaintiff in this action. If called to, I can competently testify to the following of my own person knowledge, except those matters stated on information and belief.

2.  I hired Mr. Corey Glave to represent me in this matter as Mr. Glave has successfully represented me in prior actions against the City of Hermosa Beach and Hermosa Beach Police Department. If Mr. Glave is disqualified in this action, such action will benefit Defendants and also imposes a substantial hardship me. I will have

1

to find alternative counsel, possible at great expense, and the counsel will not have as much knowledge about the inner workings of the Hermosa Beach Police Department or my history of litigation against the City.

3. Through my employment as a police officer with the Hermosa Beach Police Department, I have been provided information from other officers and informants that Hermosa Beach Police Officer Everett Faulk may be engaged in criminal misconduct. None of the information I've received about Officer Faulk came from Mr. Glave, other than he has provided me copies of documents turned over in discovery by Defendants in this action.

4. On one occasion, several year ago, Hermosa Beach Police Detective Eric Cahlan informed me about an incident wherein Faulk was holding guns for convicted felon. I am of the understanding that this incident was also reported to the Hermosa Beach Police Department, but I do not believe that I was informed that the Police Department had conducted an Internal Investigation on the matter until I reviewed Everett Faulk's declaration. Mr. Glave never provided me any information on this matter; all information was communicated from me to him.

5. This gun incident was brought up in a meeting with Faulk, Chief of Police Sharon Papa and retired Lieutenant Thomas Thompson months, if not a year, prior to Mr. Glave filing a Tort Claim with the City of Hermosa Beach on my behalf. Mr. Glave was not present at the meeting. As I recall, Everett Faulk, in that meeting stated that he received the guns from a convicted felon and that the guy who introduced them was a convicted felon who did a home loan for Faulk. The information I received was provided to Mr. Glave.

6. Prior to Mr. Glave conducting any depositions in this action and/or questioning any witness regarding this gun incident, I brought the gun issue up in my deposition when asked questions about my history with Everett Faulk.

7. As far as I know, all questions posed to witnesses in this case have been

based on information provided to Mr. Glave from myself, gleaned from testimony obtained during the depositions taken in this matter, or from documents produced by Defendants.

8. In another incident, through an arrest of a suspected drug dealer, I was informed of allegations that Everett Faulk, was involved in illegal activities. Based on these allegations, representatives of the United States Drug Enforcement Administration (DEA) and I, met Defendant Sharon Papa, the Chief of Police for the Hermosa Beach Police Department (HBPD), and Thomas Thompson, the acting-Captain for the Police Department. The information was relayed to HBPD and I informed Papa and Thompson that I had been made aware, from other officers and informants, that there were allegations that Faulk had engaged in other criminal activity in the past. The DEA offered to bring in an out-of-state surveillance team to investigate the allegations against Faulk. Papa rejected this offer.

9. I am aware that Papa and Thompson then sat on the information for approximately six (6) months. It was only after I informed other law enforcement officials about the allegations and the department not investigating the allegations was an investigation initiated. I have since learned that Papa asked the Los Angeles County Sheriff Department to investigate the allegations against Faulk, but Papa never initiated an Internal Affairs Investigation against Faulk.

10. Ultimately, I was given a direct order not to discuss the allegations against Faulk or the "investigation" that was conducted. A true and correct copy of said order is attached to this opposition as Exhibit 2.

11. I believe that I was retaliated against by Papa and the other defendants because of my reporting of the allegations against Faulk as well as my discussing the Defendants' failure to investigate the allegations.

12. I have been informed that Everett Faulk has attempted to file at least one false complaint against me, but the investigation determined that the allegation had no

factual basis.  This investigation gives rise to some of my claims in this lawsuit, as I was not allowed to review the IA investigation or Faulk's complaint prior to it being placed in my IA file/personnel file.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 13, 2017, at Hermosa Beach, California.

_____
Donavan Sellan

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF <u>LOS ANGELES</u>:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my address is 1042 2nd Street, Hermosa Beach, CA 90254

On September 13, 2017, I served the foregoing document described as

Opposition to Motion to Disqualify-Declaration of Sellan

on the parties in this action by electronic service to:

Sarah R. Lustig
Liebert Cassidy Whitmore
6033 West Century Blvd, 5th Floor
Los Angeles, CA 90045
slustig@lcwlegal.com

I filed the documents with the U.S. District Court via the CM/ECF system. Per ECF rules, all individuals registered with the Court to receive notice of electronically filed documents will be served via electronic mail to the e-mail address they have on file with the Court. Any individual who has not consented to electronic service will be provided copies via U.S. Mail to the address specified by the Court in the Notice of Electronic Filing generated upon completion of the document filing.

Executed on September 13, 2017, at Hermosa Beach, California.

<u>  X  </u>   STATE       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Corey Glave
_____
Corey W. Glave

Opposition to Motion to Disqualify
Declaration of Donavan Sellan